## E. C. Fralich *v.* Andrew Despar, Appellant.

*Master and servant—Contract—Secrets of trade—Equity.*

An employee who, in consideration of an increase in his wages, agrees not to reveal the secrets of his master's trade which are revealed to him, has no right to use the secrets so obtained for his own private use, or reveal them to others. In such case, equity will interfere to protect the master.

Argued Nov. 1, 1894. Appeal, No. 227, Oct. T., 1894, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1894, No. 232, for plaintiff on bill in equity. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill for injunction to restrain defendant from disclosing trade secrets and from manufacturing goods.

The following opinion was filed by EWING, P. J.:

"FINDINGS OF FACT BY THE COURT.

"The defendant, Andrew Despar, on the 5th day of January, 1886, entered into articles of agreement with the plaintiff, in the form of an affidavit, as follows:

"'I, Andrew Despar, of the city of Pittsburg, state of Pennsylvania, in the employ of E. C. Fralich, a manufacturer of oils, axle, mill and star grease, also of said city of Pittsburg, do solemnly swear that if said E. C. Fralich makes known to me the ways and secrets of manufacturing and stilling of different kinds of oils, and of the different kinds of greases, manufactured by him, that I will not use such knowledge or secrets for my own gain, nor will I ever, so long as I may live, divulge or make known in any way the knowledge I may receive while in his employ, or any part of said secret, either of mixing in oils or otherwise.' With signature, seal and jurat.

"The plaintiff, some twelve years before, had bought the business and good will and property from his father-in-law,

Captain Frisbee, for a full consideration therefor, and had an established business and trade in manufacturing the articles in question, using some of the secrets of manufacture in part obtained from one Gilbert Frisbee, who was familiar with the entire process, and the plaintiff and his son being the only others who had a knowledge of the secrets of the process. Andrew Despar, the defendant, went into the employ of the plaintiff in 1882 as a general hand, doing the hauling, teaming and other work around the establishment, in the hauling of material and the delivering of goods, and had not a knowledge of the secrets of the business. The defendant had first received $10 per month, and was, at the date of this agreement, in receipt of $15 a month as wages. Gilbert Frisbee having died shortly before this agreement was made, and the plaintiff proposing to employ the defendant to aid him in the manufacture, proposed to instruct him in the process, give him the secrets of the business, and to employ him therein at increased wages, there being no definite amount of increased wages agreed on at that time. That agreement was read over to the defendant, was thoroughly explained to him, and he understood it fully, and knew what he was doing, and why the agreement was made. Thereafter the plaintiff revealed to the defendant the secrets of the business in consideration of that agreement, and raised his wages gradually, until, within a short time, and for years prior to defendant's leaving plaintiff's employment, he had been receiving $50 a month, and was furnished steady employment. The defendant, from April, has been using the secrets and formula so obtained under said agreement and employment for his own private use, and has associated himself with one M. B. Moseley, and has been manufacturing, compounding and selling the manufacture under this secret process, from his knowledge so obtained while in the employ of the plaintiff, and has been selling to the trade, and representing that it ' is the same axle grease ' manufactured by the plaintiff.

" We find that the allegations contained in the first, second and third paragraphs of plaintiff's bill are true.

## " CONCLUSIONS OF LAW.

" Is the plaintiff entitled to relief? That he could maintain

an action at law in the recovery of damages, we think is entirely clear. An employee getting the secrets of a business or trade under such circumstances, and especially under such an agreement carried out as this was, has no right to use the secrets so obtained for his own private use, or reveal them to others.

" Defendant's counsel cite the case of Keeler v. Taylor, 53 Pa. 467, as against the right of plaintiff to the relief sought for. In that case Keeler revealed no secrets to Taylor of either trade or manufacture or skill that were not known to many others. The agreement was an agreement in restraint of trade, without a sufficient and proper consideration to sustain it. The case of Peabody v. Norfolk, 98 Mass. 452, and Salomon v. Hertz, 40 N. J. Eq. 400, give very full discussions of the principle governing cases of this sort.

" A suit for damages would be no adequate remedy in this case. The law, we think, is with the complainant. A decree should be issued enjoining the defendant as prayed for."

A decree was entered accordingly. Defendant appealed.

*Error assigned* was decree, quoting it.

*James H. Porte, James H. Smith* with him, for appellant, cited: Mitchell v. Reynolds, 1 Sm. L. Cas., vol. 1, part 2, p. 756 ; High on Inj., par. 1109; Keeler v. Taylor, 53 Pa. 467.

*E. G. Hartje, Geo. Shiras 3d, C. C. Dickey* and *W. K. Shiras*, for appellee, not heard, cited: Peabody v. Norfolk, 98 Mass. 452; Salomon v. Hertz, 40 N. J. Eq. 400.

PER CURIAM, Nov. 12, 1894:

We think the findings of fact and conclusions of law as contained in the opinion of the learned court below are fully sustained by the evidence and authorities cited, and upon that opinion, the decree of the court below is affirmed and the appeal dismissed at the cost of the appellant.