## HIRSCH v. GLIDDEN CO.

United States District Court
S. D. New York.
June 25, 1948.

Eugen Hirsch, in pro. per.

Strange, Myers, Hinds & Wight, of New York City (Roger Hinds, of New York City, of counsel), for defendant.

COXE, District Judge.

These are motions by the defendant (1) to strike out the plaintiff's demand for a jury trial and to transfer the action to the nonjury calendar, and (2) to vacate the plaintiff's notice to take the deposition in New York City of William O'Brien, a vice president of the defendant who resides in Cleveland, Ohio, where the defendant's place of business is located, and to direct that his deposition be taken, if at all, on written interrogatories, or, in the alternative, in other suggested ways specified in the notice of motion.

The complaint alleges that the plaintiff was the discoverer of a new and useful secret process for the manufacture of oleoresinous emulsion paints; that pursuant to an agreement made with the defendant in 1938, the plaintiff disclosed to the defendant the necessary chemicals to be used, and the manner in which the process should be used, and gave to the defendant an exclusive option to acquire the exclusive right to the process upon payment of certain sums; that at the time of the expiration of the option the defendant proposed a new agreement with lower royalties than those provided for in the option agreement; that the plaintiff, having already disclosed his secret process to the defendant, had no alternative but to accept the new agreement; that thereupon a new agreement was executed, on February 2, 1939, under which the plaintiff gave the defendant an exclusive license to manufacture, use and sell paint manufactured in accordance with the process; that until the end of 1939 the defendant, under the plaintiff's supervision, manufactured and sold large quantities of paint under the trade name "Spred", using the plaintiff's secret process,

and paid royalties thereon; that although the defendant notified the plaintiff, in October 1940, that it was discontinuing the use of the trade name "Spred", under which it had been marketing the paint, it has not done so and is continuing, and will continue, to make and sell such paint "in accordance with the information so disclosed by the plaintiff in trust and confidence"; that by reason of the defendant's acts the plaintiff is prevented from obtaining the benefits to which he is entitled as the inventor of such secret process; that the defendant, in violation of the "fiduciary relationship existing between them" and the "trust and confidence imposed" in the defendant, and for the purpose of "defrauding plaintiff of his secret process", has "fraudulently appropriated the same to its own exclusive use and benefit"; and that the plaintiff has been, and will be, "irreparably damaged" and has "no adequate remedy at law".

The prayer for relief is for a judgment enjoining the defendant from manufacturing, selling or using paints made by or from the plaintiff's secret process, and from representing itself to be the manufacturer of paints made by or with plaintiff's secret process, or any process equal or similar thereto; for an accounting of all profits made by the defendant as the result of the manufacture, sale, and use of such paints; for the damages the plaintiff has sustained, and for such other and further relief as may be proper.

The plaintiff, in his bill of particulars, states that the agreements referred to in the complaint "remain binding, including the license agreement dated the 2nd day of February, 1939, and said agreements were never canceled by the plaintiff".

The defendant, in its answer, admits the making of the agreements alleged in the complaint, but denies that since October 1939 it has manufactured or sold any paints made according to the plaintiff's secret process.

■■■ 1. As to the First Motion.—I think it is perfectly clear from the foregoing summary of the complaint that it states a claim for equitable relief under the agree-ments. The issue is a simple one, namely, whether the defendant has used, since October 1939, the plaintiff's process. If it has, there will necessarily be a decree for an accounting, together with such other equitable relief as may be proper. The fraud allegations do not transform the claim into a legal claim for damages, where only a money judgment may be obtained. The motion of the defendant to transfer the case to the nonjury calendar is accordingly granted.

■■■ 2. As to the Second Motion.—It is conceded by the defendant that Mr. O'Brien has knowledge of some of the material facts in issue, and I think he might better be examined orally rather than on written interrogatories. This is particularly true in such a case as this, where the plaintiff is acting as his own attorney. Ordinarily, an examination before trial of an officer of a defendant corporation should take place where the officer resides and has his place of business, but this is not an invariable rule and it has been relaxed in the present case by Judge Leibell in permitting the oral examination in New York City of Clifton M. Kolb, the defendant's Secretary in charge of its Legal Department. I can see no good reason, therefore, why Mr. O'Brien should not also be examined orally in New York City, but only upon condition that the plaintiff pay his traveling expenses and his hotel bill while here. This should create no undue hardship for the defendant, for it has an office here, and the time of the examination should be fixed to suit the convenience of Mr. O'Brien. It is difficult at this time to place any definite bounds on the examination, other than to say that it should be confined to the issues in the case, and not be allowed to drift into extraneous matters having no relevance to the issues involved. Clearly, questions relating to the period prior to December 31, 1938 have no materiality, nor do I think that the witness should be interrogated as to the composition of the defendant's own secret process. The defendant asks that a Master be appointed to supervise the examination, and this appointment will be made if the defendant so desires, but

the compensation of the Master must be paid by the defendant.

The plaintiff's notice of examination requires Mr. O'Brien to produce "all books, records and documents that may be pertinent to the issues in this action". This is far too sweeping. In the new notice which must be served the plaintiff must particularize the books, records and documents, if any, which he desires to have produced.