**John J. HARKOBUSIC, Plaintiff,**

v.

**GENERAL AMERICAN TRANSPORTA-TION CORPORATION, Defendant.**

**Civ. No. 62-326.**

United States District Court
W. D. Pennsylvania.
Sept. 28, 1962.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Kenneth G. Jackson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this action plaintiff timely demanded a jury trial. The defendant moved to

strike the case from the list of jury trials on the ground that the action is purely equitable. In my opinion the motion should be denied.

█ The complaint alleges that defendant breached a confidential relationship between it and plaintiff and pirated his invention. These allegations disclose a tort action,[1] over which there is concurrent jurisdiction at law and in equity.[2] In addition the complaint alleges that defendant expressly promised to hold plaintiff's secret in "strictest confidence", which promise it broke. These allegations disclose a contractual issue in connection with the alleged breach of a confidential relationship. Compensatory and exemplary damages as well as injunctive relief are sought.

██ In my opinion a suit for breach of a confidential relationship involving a trade secret or invention, and for breach of an express promise not to disclose, while it may be brought in equity and usually is, may also be pursued at law and tried to a jury because it sounds in tort as well as assumpsit.[3] Tort actions and contract actions are generally triable by a jury as a matter of right. Dairy Queen v. Wood, 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres v. Westover, 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); 50 C.J.S. Juries §§ 16b, 19.

█ In the federal courts legal and equitable claims may be joined, Rule 18, Fed.R.Civ.P., 28 U.S.C.A., and such suits are not restricted to enforcement of common law rights but extend as well to equitable rights. Dairy Queen v. Wood, supra at pp. 471–473, 82 S.Ct. 894; Beacon Theatres v. Westover, supra at pp. 508–509, 79 S.Ct. 948; 50 C.J.S. Juries § 25.

In most of the cases relied on by defendant, the parties therein desired or consented that the actions be treated as equitable or be tried non-jury, and thus the problem now under consideration was not presented for decision. The only case cited which directly decided that the plaintiff had no right to a jury trial in this type of case is Hirsch v. Glidden Co., 79 F.Supp. 729 (S.D.N.Y.1948). That case not only has some distinguishing features[4] but was decided prior to the decision of the Supreme Court in Dairy Queen v. Wood, supra, and Beacon Theatres v. Westover, supra.

█ The defendant also insists that the evidence which will be presented during the trial of this case will be extremely complicated and technical. Since this prognosis does not appear from the pleadings, I think it is premature to decide whether or not the case presents the "most imperative circumstances" which would require the court to decide the factual legal issues rather than a jury. Inland Steel Products Co. v. MPH Manufacturing Corp., 25 F.R.D. 238, 246 (N.D.Ill.1959); cf. Dairy Queen v. Wood, supra at p. 472, 82 S.Ct. 894; Beacon Theatres v. Westover, supra at pp. 510–511, 79 S.Ct. 948.

An appropriate order will be entered.

1. International Industries v. Warren Petroleum Corp., 248 F.2d 696 (3d Cir. 1957); Restatement, Torts § 757; 86 C.J.S. Torts § 48, p. 972.

2. 30 C.J.S. Equity §§ 21, 22; cf. Grepke v. General Electric Company, 280 F.2d 508 (7th Cir. 1960); cert. denied 364 U.S. 899, 81 S.Ct. 232, 5 L.Ed.2d 193 (1960); Fralich v. Despar, 165 Pa. 24, 30 A. 521 (1894).

3. Cf. Kortenhaus v. The American Watch Co., 1 Lanc.Law Rev. 275.

4. In the Hirsch case, the plaintiff had acquired the knowledge of plaintiff's process *lawfully*; hence, no tort was committed, Restatement, Torts § 757, comment (a); moreover, the plaintiff made it abundantly clear that his action was "purely equitable" by alleging the breach of a *fiduciary* relationship and that there was no adequate remedy at law; such allegations are not contained in the complaint in the case sub judice.