MADDOX, Justice.
Marsh & McLennan, Inc., and M & M Protection Consultants, defendants in a wrongful death action filed in Mobile Circuit Court, petition this Court for a writ of mandamus and pray that the trial judge be ordered to withdraw his order compelling discovery of certain documents. The primary issue is whether or not the trial judge abused his discretion by placing unreasonable and undue requirements on the petitioners when he ordered them to 'produce certain documents sought to be inspected by the plaintiffs.
The order complained about was issued after the trial court had denied a motion for a protective order filed by the petitioners regarding the documents in question.
Petitioners assert that the trial judge’s order did not provide a reasonable time for compliance (the trial judge required production within 10 days), that the scope of the order was too broad, that the petitioners were unduly prejudiced when the trial court refused to hear one of their witnesses on the issue, and that the documents contained confidential research and commercial information.
We have carefully reviewed the record in this case and we are of the opinion that the petition for mandamus is due to be denied.
The applicable law on the use of mandamus to review decisions of trial judges in matters of discovery is stated in Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978), at pp. 231-232, as follows:
It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed, Cole, [v. Cole Tomato, Sales, Inc., 293 Ala. 731, 310 So.2d 210] supra. Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir.1962); and DeLong Corp. v. Lucas, 138 F.Supp. 805 (S.D.N.Y.1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co, 341 So.2d 120 (Ala.1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir.1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (5th Cir.1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.
In order to be entitled to the protective order, the movants had the burden of showing good cause why production of the documents requested by the plaintiffs in the civil action would be unduly burdensome. See Assured Investors Life Insurance Co. v. National Union Associates, Inc., supra.
We will not discuss at great length each claim made by petitioners, but we have carefully examined each claim and have reviewed the record, and after applying the applicable law, we are convinced (1) that the trial court did not order discovery *656 within an unreasonably short period of time [1] and did not order the production of documents which were beyond the scope of plaintiff’s initial request (2) that the trial court did not abuse its discretion in declining to hear the testimony of petitioners’ witness in support of their motion to reconsider, (3) that the trial court did not abuse its discretion in denying petitioners’ motion for a protective order over petitioners’ objection that production of the requested documents was burdensome and expensive, and (4) that the trial court did not abuse its discretion in denying petitioners’ motion for a protective order over petitioners’ objection that the requested documents contained confidential information.
Petitioners do present one argument which we will discuss in some detail. In their petition, petitioners assert:
The plaintiffs, through their subpoena duces tecum and Request for Production of Documents sought production as follows:
“(2) Loss control program evaluations, special consultation reports or other documents resulting from visits to industrial or manufacturing plants other than Stauffer Chemical Company plants which, as part of their normal operations, unload toxic chemicals from tank/trailer trucks.”
The Trial Court, by its Order of June 2, 1981, compelled discovery of documents described as follows:
“(2) Defendants Marsh and McLennan and M & M Protection Consultants are to produce within ten (10) days from the date of this Order all of the safety inspection reports, loss control program evaluations, special consultation reports or similar such documents, however titled that have been made or reviewed by Defendants Marsh and McLennan or M & M Protection Consultants, or any of their divisions or subcomponents during the years 1975-1978 with all of the companies they have done business with; and aforesaid documents are to be produced to delivery to the Clerk of this Court or to the offices of Nettles, Cox and Barker and wherever delivered are to be made available for inspection and copying by attorneys for the Plaintiffs and attorneys for Chem-Haulers, Inc. (if delivered to the Clerk of this Court, any and all of such documents may be withdrawn by attorneys for the Plaintiffs and attorneys for Chem-Haulers, Inc., for inspection and copying).”
As can be clearly seen, the Trial Court’s Order not only addressed companies which “as part of their normal operations unload toxic chemicals from tank/trailer trucks” but also required production of documents which did not result from visits to industrial or manufacturing plants other than Stauffer Chemical Company, which as part of their normal operation, unload toxic chemicals from tank/trailer trucks. As such, the Trial Court’s Order was considerably broader than the initial subpoena duces tecum and Request for Production of Documents as filed by the Plaintiffs.
Respondents, in their reply to this argument, state the following:
Petitioners also argue that the Trial Court went far beyond Plaintiffs’ initial request for production by ordering the production of all of its safety inspection reports, rather than just those reports resulting from visits to industrial plants which normally unload toxic chemicals. This contention is without merit, inasmuch as the clear context in which the order was made related to companies which unload chemicals on a regular basis. Indeed, these are the only documents which would be relevant under the facts of this case.
It is apparent that the respondents desired only those documents related to companies which unload chemicals on a regular basis. We interpret the effect of the trial judge’s order as the respondents con *657-661 strue it, that is, the order is limited to those companies which unload chemicals on a regular basis.
WRIT DENIED.
All the Justices concur.

. If petitioners have great difficulty in meeting the deadline set by the Court, nothing we say will prevent petitioners from requesting of the trial court additional time within which to comply-