MADDOX, Justice.
The Court is asked to decide if there was an abuse of discretion by the trial court in granting respondent’s motion for protective order and overruling both petitioners’ motion to compel discovery and motion to reconsider, thus supporting petitioners’ request for the issuance of a writ of mandamus. We find no abuse of discretion, and we deny the writ.
On May 19, 1982, petitioners Frank L. Higgins and Rebecca R. Higgins, on their own behalf and as next friends of their daughter, Cindy, filed a complaint against *1377 defendants, The National Life and Accident Insurance Company, its agent, Sidney Wilson, and various fictitious parties. The complaint charged the defendants with fraud, bad faith, negligence and/or wantonness and/or outrageous conduct in selling health insurance to petitioners and in processing and handling that insurance and the claims made thereunder.
The summons and complaint were served on May 22,1982. Petitioners filed interrogatories and requests for production on June 28, 1982, having served them on defendant insurance company by mail on June 25, 1982. Because there were never any answers, responses or objections made to the interrogatories or requests for production, a motion to compel discovery was filed by petitioners on August 2, 1982, this motion having been served on defendant insurance company by mail on July 29, 1982. On August 4, 1982, the defendant insurance company served on petitioners a motion for a protective order. Both motions — the petitioners’ motion to compel discovery and the company’s motion for a protective order— were set for a hearing on August 10, 1982.
The company’s motion for a protective order requested protection only as to interrogatories 13 through 20. The motion stated:
“1. Questions 13 through [sic] request information concerning the loss/earnings ratio for the type of policy sued upon in this case. This information has no conceivable relation to any issue in this case and is outside the scope of permissible discovery under the Alabama Rules of Civil Procedure.
“2. Questions 14 through 18 request information concerning the percentage of claims denied by the defendant company. This information has no bearing whatever on any issues in this case and is outside the scope of discovery permissible under the Alabama Rules of Civil Procedure.
“3. Questions 19 and 20 also request information concerning other claims handled by this company, and this defendant shows the court that the plaintiff in this case is not entitled to go to trial on any claims other than her own or to introduce evidence concerning activity of this company in handling other lawsuits in which this plaintiff has no interest.
“4. Defendant shows the Court that plaintiff Rebecca Higgins cannot properly employ counsel to handle claims made by other people or lawsuits filed by anyone other than herself or to introduce evidence concerning other claims or lawsuits in this case.”
At the hearing, there was no opposition made to petitioners’ motion to compel discovery except for the defendant insurance company’s opposition to interrogatories 13 through 20.
The trial court overruled petitioners’ motion to compel in its entirety and granted the motion for protective order. Petitioners filed a motion to reconsider, which was likewise overruled. Petitioners filed a request in this Court for a writ of mandamus and this Court ordered the respondents to file an answer.
On December 27,1982, this Court entered the following order:
“ORDER
“The petition of Rebecca R. Higgins and Frank L. Higgins for writ of mandamus to be directed to the Honorable Thomas E. Huey, Jr., Presiding Judge of the Circuit Court of Jefferson County, Alabama, having been filed and duly submitted to the Court,
“IT IS ORDERED, as follows:
“1. That the respondents, Judge Thomas E. Huey, and The National Life and Accident Insurance Company, file with the Clerk of this Court their answers to the said petition, as to the granting of the protective order to all interrogatories except interrogatories numbered 13 through 20, a copy of which petition appears to have been served on them, or their attorneys, on December 9, 1982, with briefs in support of said answers within fourteen (14) days from the date of this order.
*1378 “That the petitioners shall file a brief in reply to respondents’ answers and briefs within seven (7) days from the date of service of respondents’ answers and briefs.
“IT IS FURTHER ORDERED that the Clerk of this Court shall serve a copy of this order upon all parties to this cause, or their attorneys of record, by mailing a copy thereof to them by United States mail, postage prepaid.
“Torbert, C.J., and Maddox, Jones, Shores and Beatty, JJ., concur.” (Emphasis supplied.)
This order was issued pursuant to the petitioners’ original request for mandamus in which the petitioners stated the issue as follows:
“(1) WHETHER THE HONORABLE THOMAS E. HUEY, JR., AS JUDGE OF THE TENTH CIRCUIT COURT ABUSED HIS DISCRETION BY ENTIRELY OVERRULING PETITIONERS’ MOTION TO COMPEL DISCOVERY, where: petitioners’ discovery sought relevant information and documents vital to their case and largely unavailable from any source other than the defendants; there were never any answers, responses or objections made to petitioners’ discovery: there was no opposition to petitioners’ Motion to Compel Discovery except for the Motion for Protective Order regarding Interrogatories 13 through 20; the Motion for Protective Order came after the Motion to Compel and made no allegations of any annoyance, embarrassment, oppression, undue burden or expense or of any privilege but consisted rather of conclusory general objections that the information sought in Interrogatories 13 through 20 was not relevant and beyond the scope of permissible discovery; the Motion for Protective Order was not supported by any affidavits, documents or other evidence or proof or any showing of good cause.”
In their answer to the plaintiffs’ petition for mandamus, respondent company and respondent judge assert that since answers to interrogatories 1 through 12 and interrogatory 21 have been forwarded to the plaintiffs’ attorney, there is no issue now requiring any decision or action by the Supreme Court of Alabama unless the Court should decide that respondents should make an argument with respect to the granting of the protective order relating to interrogatories 13 through 20.
In their reply, petitioners counter that they continue to require relief from the orders of record of the trial court denying their request for discovery. Petitioners state that respondents’ answers to the interrogatories and the certificate of service are unsigned. Further, petitioners claim they have not received any response to their requests for production included with their interrogatories and that the trial court has not issued an order directing the insurance company to produce. Petitioners thus argue their rights will not be protected unless a proper order is entered by the trial court.
The applicable law as to the use of mandamus to review decisions of trial courts in matters of discovery is stated summarily as follows:
“It is well settled that the rules on deposition and discovery are to be broadly and liberally construed, Cole [v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210], supra. Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir.1962); and DeLong Corp. v. Lucas, 138 F.Supp. 805 (S.D.N.Y.1956). The rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala.1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United *1379 States, 406 F.2d 716 (5th Cir.1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir.1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.”
Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228, 231-232 (Ala.1978); Ex parte Marsh & McLennan, Inc., 404 So.2d 654, 655 (Ala.1981). Under the facts of this case, the denial of the petitioners’ motion to compel, and the granting of the protective order as to interrogatories 13 through 20 and as to the request for production of documents was not a clear abuse of discretion, as we shall presently show.
This Court, upon original consideration, was of the view that the petitioners were requesting this Court to order the trial judge to require answers to all those interrogatories and requests for production of documents to which no objection had been made. This Court considered the petitioners’ original request for mandamus as one requesting this Court to order the trial judge to state why he granted the protective order as to all of the interrogatories when objection had only been made to interrogatories numbered 13 through 20. It is apparent from the words used in the order of December 27, 1982, that the petition was so construed by this Court.
The respondents The National Life and Accident Insurance Company and Judge Thomas E. Huey state in their response to this Court’s order the following:
“Defendant has prepared its answers to the other interrogatories and has forwarded those answers to the attorney for the petitioners. A copy of the answers to the interrogatories other than those numbered 13 through 20 is attached to this answer. Defendant The National Life and Accident Insurance Company believes that the order granting the protective order without specifying those interrogatories to which objection had been made was entered by the Honorable Thomas E. Huey in reliance upon defendant’s statement to the effect that it agreed that the other interrogatories were due to be answered. In any event those interrogatories have been answered, and defendant The National Life and Accident Insurance Company does not believe that it would be appropriate for any writ of mandamus to be issued in this cause. Defendant, having answered the interrogatories to which no objection had been made, believes that any other issues relating to discovery in this case, including the possibility that the petitioners may argue that the interrogatories have not been answered adequately or fully or otherwise to their satisfaction, should be left within the sound discretion of the trial court.
“For the reasons set out above, respondents show the Court that there is now no issue requiring any decision or action by the Supreme Court of Alabama unless the court should decide that respondents should make an argument with respect to the granting of the protective order relating to interrogatories 13 through 20. The Court has not at this time required any argument on that issue, and defendant The National Life and Accident Insurance Company therefore contends that all of the issues raised in the petition for a writ of mandamus have now been resolved and that the matter should be returned to the trial court.” (Emphasis supplied.)
If the propriety of the protective order as to questions 13 through 20 was presented by the original petition,, this Court did not so consider the petition; therefore, in view of the response made to this Court’s order, there is nothing now pending which would require this Court to grant the extraordinary writ of mandamus.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
MADDOX, Justice.