310 So.2d 210

**In re Docia Earline COLE, as Administratrix of the Estate of C. F. Cole, Jr.**

v.

**COLE TOMATO SALES, INC., et al.**

**Ex parte COLE TOMATO SALES, INC., et al.**

**SC 1023.**

Supreme Court of Alabama.

March 13, 1975.

As Modified on Denial of Rehearing
March 27, 1975.

Rehearing Denied April 10, 1975.

Fred Blanton, Birmingham, for petitioners.

Izas Bahakel, Birmingham, for respondent, Circuit Judge William C. Barber.

PER CURIAM.

This is an original petition for mandamus which seeks to have this Court order Circuit Judge William Barber to modify or rescind his order compelling the petitioners to produce certain documents. This Court granted a rule nisi. The trial judge has answered, and oral arguments have been heard. We now deny the petition for a peremptory writ of mandamus.

Briefly stated, the facts are as follows: Docia Earline Cole, as administratrix of the estate of her late husband, C. F. Cole, Jr., filed an action on 5 August 1974, in the Circuit Court of Jefferson County, in which she alleged that her late husband died on 22 June 1973, and that at the time of his death, he was an officer, director and stockholder (29% of the capital stock) of a corporation known as Cole Tomato

Sales, Inc. She alleged, upon information and belief, that C. F. Cole, Sr. Produce, Inc. was merged with Cole Tomato Sales, Inc., and were being operated as one corporate entity. She also claimed her late husband was entitled to $5,000 as compensation at the time of his death and that this sum had not been paid. She also alleged as follows:

"The directors and stockholders of Cole Tomato Sales, Inc. are hopelessly deadlocked in the management of the affairs of the corporation and irreparable injury to the corporation is being threatened or suffered by reason thereof. Further, the acts of the director or those in control of said corporation are illegal, oppressive and fraudulent."

The administratrix asked the court to determine the profits of the corporation, that an accounting be made to determine what her late husband was entitled to receive as profits or dividends. She also asked that a receiver be appointed to run the business until it could be dissolved and the assets distributed as provided by law.

Motions to dismiss the complaint were filed by C. F. Cole, Sr. Produce Company, Inc. and Cole Tomato Sales, Inc. and James Cole. The court denied each motion to dismiss.

On 17 October 1974, the administratrix had filed a motion to require the production of documents under Rule 34, ARCP. The items requested were as follows:

" 'Plaintiff requests defendant to respond within 14 days to the following request; that the defendant produce and permit plaintiff to inspect and to copy the following documents;

" '(a) Names and addresses of all banks with which James Cole or Mrs. James Cole had done business individually and/or in name of any business since June 1, 1972.

" '(b) Names and addresses of all firms from whom any produce and merchandise has been purchased by James Cole, individually and/or as agent for any business since June 1, 1972.

" '(c) All bank statements, deposit slips, and cancelled checks of James Cole and/or Mrs. James Cole individually, and of every business in which James Cole has had any interest for the period of June 1, 1972 until the present time.

" '(d) All Federal and State Income Tax Returns for 1972 and 1973 of James Cole and/or Mrs. James Cole and all corporations and businesses in which Mr. Cole and/or Mrs. James Cole have had any interest since June 1, 1972.

" '(e) The legal description, street address and location of all real estate in which Mr. and Mrs. James Cole have had any interest as of June 1, 1972 until the present time.

" '(f) All minutes of meetings of the stockholders and Boards of Directors of every corporation in which defendant James Cole had any interest since June 1, 1972.

" '(g) All balance sheets, profit and loss statements and financial statements of all defendants from June 1, 1972 until the present time.

" '(h) A list of all accounts receivable of all defendants as of June 1, 1973 until the present time.' "

Defendants' counsel advised them not to respond to the motion to produce, and the trial court, on 1 November, 1974, entered an order compelling production of the documents within one week. Defendants filed this original petition for mandamus on 5 November 1974, and claims that the order permits discovery outside the scope of Rule 26(b), ARCP, that it permits an invasion of the privacy of James Cole and his wife, and that James Cole's wife is not a party to the action. Both James Cole and his wife allege that to permit the discovery will cause them immediate and irreparable injury. This Court issued a rule nisi.

Judge William Barber answered the rule nisi and says that there was no request made by the petitioners for a protective order under Rule 26(c), ARCP, to limit or prohibit discovery, and defendants should not be permitted to raise for the first time, by petition for writ of mandamus, matters which might have been, but were not raised in the Circuit Court. Regarding the complaint that Mrs. James Cole was not a party to the action, Judge Barber said:

"It is noted that at the time of this request Mrs. James Cole was not a party to this action. The Order Requiring Production of Documents, in this case is directed to and can only be effective upon parties to this suit, and further is applicable only to the requested documents which are in the possession of or under the control of the defendants to this action. Such order is ineffective as to non-parties who were not before the Court and does not require anything of those not a party to this action."

The whole concept of our new procedural rules is that they will secure "the just, speedy and inexpensive determination of every action." Rule 1, ARCP.

Petitioner's counsel, during oral argument, stated that the administratrix had not built a pier (stated a cause of action) in order to begin fishing (discovery). The mandate of Rule 1 that we construe all the rules to "secure the just, speedy and inexpensive determination of every action" is probably the most important mandate in the rules.

As was said in Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225-6 (1962):

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson [1957], 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure a just, speedy, and inexpensive determination of every action.'"

■ The discovery rules must be broadly and liberally construed. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451 (1947).

■ Rule 26(c) provides the efficient procedural device for limiting or prohibiting discovery. The petitioners did not avail themselves of it. Consequently, we deny their request for the extraordinary relief of mandamus.

Peremptory writ of mandamus denied.

HEFLIN, C. J., and MERRILL, MADDOX, JONES and SHORES, JJ., concur.

ON REHEARING

PER CURIAM.

Petitioners for the first time on application for rehearing raise the point that the original request filed by the plaintiff for production asked the defendant "to respond within 14 days."

In brief, on application for rehearing, petitioners claim:

"THERE IS NO ORDER OF THE TRIAL COURT ALLOWING A SHORTER TIME OF 14 DAYS IN THIS CASE. THE MOTION TO COMPEL WAS FILED ON OCTOBER 17, 1974, WHICH EFFECTIVELY PREVENTED THE DEFENDANTS FROM FILING THE WRITTEN RESPONSE CONTEMPLATED BY THIS RULE!"

■ Stated succinctly, petitioners for the first time argue that Rule 34(b) allows

a party upon whom a request is served 30 days within which to serve a response, and that the motion to produce which the plaintiff filed in this case requested the defendant to respond within 14 days. We cannot sanction the practice of bringing up new questions for the first time in applications for rehearing. Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771 (1967).

We set forth some of the basic facts to show that the Court is of the opinion that this point was not previously raised. Plaintiff filed a request for the production of documents under Rule 34 on October 1, 1974. Plaintiff requested the defendant "to respond within 14 days." We do not know when counsel for the petitioners informed the plaintiff that her request would not be honored, but we quote from the original petition for mandamus and from the original brief of counsel for the petitioners to show that the request would not be honored.

Paragraph 5 of the original petition for mandamus reads:

"On advice of counsel that the materials requested were not relevant to the lawsuit; that there was an invasion of the privacy of James Cole and his wife, Mrs. James Cole; that plaintiff had never pursued her remedies within the corporation, COLE TOMATO SALES, INC.; and that counsel for plaintiff had refused the assistance of the accountant for COLE TOMATO SALES, INC., and the president; and that it was unreasonable for plaintiff to demand that any documents be brought to a certain place for her convenience, when her inspection of the corporate books and documents at a reasonable time and place at the office of the corporation had never been denied, this plaintiff was informed that the request would not be honored."

In a brief filed on original submission, counsel stated:

"After mature consideration and deliberation, counsel for petitioners arrived at the conclusion that a resort to a protective order was definitely NOT necessary, for the simple reason that there was absolutely no foundation in the pleading for any such production of instruments or documents, and so informed counsel for plaintiff, with the *proviso* that plaintiff could exercise her substantive right as a minority stockholder to inspect the books, etc., of Cole Tomato Sales, Inc., at the offices of the corporation at any reasonable time."

■ We understood that petitioners' original argument before submission was that the complaint in this cause failed to state a cause of action; therefore, no discovery was appropriate. Petitioners never claimed in their petition, in brief, or on oral argument that they had 30 days within which to make a written response. Insofar as we are advised, no objection was made in the trial court or in this Court previously that the request for production shortened the time within which the defendant could respond. The record shows that even if we assume that the point was raised generally by petitioners' original petition in this Court, no *written response* was filed within the 30 day period. Therefore, the question is moot.

Since the original request for production by plaintiff was made pursuant to Rule 34, we will extend our original opinion to discuss the underlying policy of the rule, and to show further that petitioners should have served a *written response* to the original request.

■ Rule 34 is designed to operate insofar as possible without court intervention. In providing that documents shall be sought by request rather than by motion and that a written response must be served setting forth the reasons for any objections, the rule contemplates that in most instances details of production can be worked out among the lawyers without recourse to the court. Moore's Federal Practice, Vol. 4A, § 34.05[3]. As stated in Wright and Miller, Federal Practice and Procedure, Vol. 8, § 2213, p. 639:

"A party served with a request for inspection must serve a written response to that request. Failure to do so, even though the discovery sought may be wholly objectionable, exposes him to the sanctions of Rule 37(d) unless the party served with the request has applied for a protective order."

The record shows that the petitioners neither served a written response to the request within 30 days nor applied for a protective order.

On March 19, 1975, petitioners' counsel filed a motion to strike the order and judgment entered on March 13, 1975, because a majority of the Court had not taken part in the decision. The official endorsement on the transcript of the record shows, and the Court judicially knows that a majority of this Court, in conference assembled, did take part in the decision. The motion to strike is overruled and denied.

The original opinion is modified, corrected, and extended and the application for rehearing is overruled and denied.

Original opinion modified, corrected and extended. Application for rehearing overruled and denied.

HEFLIN, C. J., and MERRILL, MADDOX, JONES and SHORES, JJ., concur.