This is an appeal from a judgment granting a motion to dismiss the plaintiff's complaint pursuant to Rule 12 (b)(6), ARCP
Lee, Secretary of the Alabama Senate, brought this suit individually and as a member of the State Employees' Retirement System and a taxpayer of the State of Alabama, against Bronner Bronner was sued individually and in his capacity as secretary-treasurer and chief executive officer of the Retirement System and as de facto state director of finance Lee alleged the following acts of Bronner as the basis for this suit:
 (a) Without legal authority and for direct personal gain caused State and Retirement System funds to be paid for personal attorney's fees and other charges associated with the defense of the aforementioned cause of action;
 (b) Received pay, emoluments, gifts or other consideration from stock or bond brokerage representatives or other persons, firms, or corporations in violation of Code of Ala. 1975, §§ 36-27-25, 36-27-35 [sic], and 27-27-26;
 (c) Caused Retirement System investments to be made upon which defaults and interest forfeitures resulted;
 (d) Has divided his full-time employment between the Offices of Secretary-Treasurer and Chief Executive Officer of the State Employees' Retirement System and De Facto Finance Director of the State of Alabama;
 (e) Made personal investments in stocks, bonds, or other securities which are related to or correspond with investments of the State Employees' Retirement System said relationship being in the same securities, or by the same bond or brokerage representative handling said investments, including commissions upon said personal investments having been waived, reduced, or discounted by stock or bond brokerage representatives either for Defendant personally, or for members of his family, or business partners or co-investors of Defendant;
 (f) Received from stock and bond brokerage firms or representatives illegal gifts and payments of hotel and entertainment expenses, including meal, cocktail, and room charges at conventions in Gulf Shores, Alabama, and elsewhere, and received from the same sources illegal payments for air travel to California and other locations;
 (g) Caused State of Alabama and State Retirement System monies to be expended for direct personal gain, in the form of attorney's fees and other payments represented in Retirement System documents to be for "consultation with Board of Control."
Lee sought an accounting and payment by Bronner of any misapplied or misspent funds. Lee amended his complaint to also seek a declaratory judgment stating a determination of his rights, status and other legal relations with Bronner, praying for a judgment declaring the aforementioned sums to have been expended and the division of time and illegal gifts and payments received without authority, and in a manner detrimental to his interest as a member and beneficiary of the State Employees' Retirement System
Bronner moved to dismiss the action due to lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and lack of standing on the part of Lee to bring the suit
In Zeigler v. Baker, 344 So.2d 761 (Ala. 1977), this Court considered the question of whether a taxpayer has standing to challenge disbursement of state funds. Zeigler dealt specifically with whether a taxpayer could attack the constitutionality of disbursements. In the course of the opinion the Court stated, "[T]he right of a taxpayer to challenge the unlawful disbursement of state funds likewise is unquestioned."
To support the action of the trial court in granting the motion to dismiss, Bronner relies almost exclusively on the case of Powers v. United States Fidelity Guaranty Co.,236 Ala. 389, 182 So. 758 (1938). This case holds that the Governor and Attorney General control the institution and *Page 629 
prosecution of suits for the benefit of the State, and in its name as a governmental unit for the recovery of State monies One aspect of Lee's complaint does not come within the holding of Powers, supra. Lee is not suing in the name of the State. As a contributing member of the Employees' Retirement System, Lee has an interest separate from the State because he has contributed his own money to the retirement fund over which Bronner and the Board of Control have managerial duties and responsibilities, Code 1975, § 36-27-25. Lee has alleged dereliction of duty and statutory violations concerning the retirement fund in which Lee has a direct pecuniary interest, Code 1975, § 36-27-25 (h)
Moreover, this Court in Zeigler, supra, observed:
. . . If a taxpayer does not launch an assault, it is not likely that there will be an attack from any other source, because the agency involved is usually in accord with the expenditure. There may be instances in which the affected public official might pursue the matter. The Attorney General would be an appropriate officer to bring such a suit, but in some instances this is not done and it is in such cases that it is only the taxpayer's attack which preserves the public treasure
Quoting from Department of Administration v. Horne,269 So.2d 659 (Fla. 1972)
The general administration and responsibility for the proper operation of the retirement system is placed with the Board of Control. The Governor is, ex officio, chairman of the Board Code 1975, § 36-27-23. Bronner is represented in this suit by a special assistant attorney general. Code 1975, § 36-15-21
In addition to an accounting, Lee is seeking declaratory as well as possibly injunctive relief
A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Jeannie'sGrocery v. Baldwin County Electric Membership Corp.,331 So.2d 665 (Ala. 1976). Lee has made allegations in his complaint, which if proved, would present a basis for relief. At this early stage of the suit we do not express any opinion about the other aspects of the complaint
The judgment granting the motion to dismiss is hereby reversed and the cause is remanded for further proceedings
REVERSED AND REMANDED
FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur