415 So.2d 1048 (1982)
Ex parte OLD MOUNTAIN PROPERTIES, LTD.
(In re APRIL INVESTMENTS, INC., a corporation v. OLD MOUNTAIN PROPERTIES, LTD., a Maryland limited partnership, et al.)
80-919.
Supreme Court of Alabama.
April 9, 1982.
Rehearing Denied June 11, 1982.
*1049 William M. Acker, Jr., and Susan Dominick, Doughton, of Dominick, Fletcher, Yeilding, Acker, Wood & Lloyd, Birmingham, for petitioners.
Jack E. Held of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for respondents.
MADDOX, Justice.
This is a ruling on a petition for a writ of mandamus wherein the petitioner asked this Court to direct the trial judge before whom this action was proceeding to change a ruling that that judge had made with regard to a certain discovery matter. Upon review, we find that the trial judge acted within the discretion vested in him as to these matters and, therefore, refuse to grant the writ asked for.
The petitioner is Old Mountain Properties, Ltd., a limited partnership organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida. On October 15, 1980, April Investments, Inc., filed a complaint against Old Mountain Properties in the Circuit Court of Jefferson County. Pursuant to this complaint, April Investments filed notice to take the deposition of Old Mountain Properties by and through its general partner Charles A. Clarkson; the deposition was scheduled to be taken in Birmingham. Old Mountain Properties filed a motion for protective order, seeking protection from the taking of the deposition of the general partner in Birmingham instead of in Jacksonville, Florida, on the basis that the uncontested facts show Old Mountain Properties to be a foreign limited partnership, with its principal place of business in Jacksonville, Florida, and that Charles A. Clarkson, the named deponent, is a resident citizen of the State of Florida. The trial judge, after hearing oral argument on Old Mountain Properties' motion for protective order, overruled the motion and ordered Old Mountain Properties to produce its general partner for deposition in Birmingham. It is from this ruling by the trial judge that Old Mountain Properties petitions this Court, asking us to order the trial judge to enter the protective order which they requested.
*1050 No rule or Alabama case provides a hard-and-fast rule on whether or not a nonresident corporate agent must come to the forum in order to give a deposition. This rule is especially applicable to matters of discovery, which are, and should be, left mainly to the discretion of the trial judge. As this Court stated in Campbell v. Regal Typewriter Co., Inc., 341 So.2d 120, 123,124 (Ala.1976):
"The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975). However, ARCP 26(c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all of the circumstances, the trial court has abused this discretion. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1957). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant. First National Bank in Greenwich v. National Airlines, Inc., 22 F.R.D. 46 (D.C.N.Y.1958).
"The particular details of the discovery process must necessarily be left to the sound discretion of the trial court. The court may enter appropriate orders under ARCP 26(c) and if necessary, on a showing of undue burden, it may order alternative means of discovery. Burns v. Thiokol Chemical Corp., 483 F.2d 300 (5th Cir. 1973). Of course, the fact that it may be difficult to produce information which is discoverable is not a justification for disallowing the discovery of that information...."
Each request for a protective order must be considered on its own facts and equities; the trial court is in a better position to consider and weigh those factors than is an appellate court. This Court will not reverse the trial judge's determination of such discovery issues such as here presented (whether to require the deponent to come to Birmingham), unless there is a clear showing that the trial judge abused his discretion in making his decision.
Protective orders, of the type asked for by the petitioner, are only issued "for good cause" shown by the person seeking the protection. See A.R.C.P. 26(c), and Assured Investors Life Insurance Co. v. National Union Associates, Inc., et al., 362 So.2d 228 (Ala.1978). The trial judge did not abuse his discretion by finding that "good cause" did not exist in this case. Petitioner had the burden, under Rule 26(c) A.R.C.P. of showing adequate justification for its protective order. In light of all the facts of this case, the single assertion that the defendant is a foreign limited partnership with its principal place of business in Jacksonville, Florida, and that the named deponent is a resident citizen of the State of Florida does not, automatically, show that the trial judge abused his discretion by requiring the deposition to be taken in Birmingham. The ruling of the trial court in denying the motion for protective order is hereby affirmed.
WRIT DENIED.
FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., dissents.
ALMON, J., not sitting.
TORBERT, Chief Justice (dissenting).
I respectfully dissent from the denial of a protective order in this case. As correctly stated by the majority, protective orders are issued only "for good cause" shown by the person seeking the protection, A.R.C.P. 26(c), and the decision of the trial judge will not be overturned unless an abuse of discretion is shown. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala.1976). Though trial judges are vested with a broad range *1051 of discretion in determining what circumstances will justify a variation from the general rule, this range is not unlimited.
The general rule regarding pretrial discovery, though not specifically addressed by any Alabama cases, has been enunciated on several occasions by the federal courts and it states that the deposition of a corporate officer or agent (or, as here, a member of a limited partnership) must be taken at the business's principal place of business, absent peculiar circumstances justifying a change of venue. See, e.g., Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979); 8 C. Wright and A. Miller, Federal Practice and Procedure, § 212 at 410 (1970). It is fundamentally unfair to require a non-resident defendant, as here, to leave his place of business and travel at his own expense to the site of the deposition so that it can be taken more conveniently and less expensively to the plaintiff. Less v. Taber Instrument Corp., 53 F.R.D. 645 (W.D.N.Y.1971); Perry v. Edwards, 16 F.R.D. 131 (W.D.Mo.1954). This rule, of course, may be altered if justice requires, upon the showing of peculiar facts and circumstances, which showing then gives the trial judge broad discretion to determine what circumstances will justify a change in the site of the deposition. Here, however, the only possible rationale for requiring the deposition to be taken in Birmingham was that Old Mountain Properties, LTD., owned some real estate in Alabama, thus providing minimum contacts. No peculiar facts and circumstances, however, were shown by April Investments, Inc., to justify the request to depose the general partner of Old Mountain Properties, LTD., in Birmingham.
While the definition of "good cause" has not yet been decided in Alabama, I believe that once a non-resident corporate defendant seeking a protective order has demonstrated that it is, in fact, a non-resident defendant and that the plaintiff seeks to compel its officer or agent to come into the state to be deposed, it has prima facie supplied the "good cause" required by A.R.C.P. 26(c) to compel the issuance of the protective order. At this point, the non-movant must assume the burden of proof to show "peculiar facts and circumstances" to justify a variance from the general rule. Such circumstances might include a consideration of the relative hardships to the non-moving party should the protective order be granted, a conflict in the evidence as to the corporation's principal place of business, the fact that the corporation's officers visit Alabama regularly, and/or the fact that the plaintiff is impecunious. General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204 (8th Cir. 1973); Baker v. Standard Industries, Inc., 55 F.R.D. 178 (D.P.R.1972); Connell v. Biltmore Security Life Insurance Co., 41 F.R.D. 136 (D.S.C.1966); Hirsch v. Glidden Co., 79 F.Supp. 729 (S.D.N.Y.1948). Here, Old Mountain Properties, LTD., clearly showed that it was a non-resident defendant, yet April Investments, Inc., made absolutely no showing of any peculiar facts and circumstances that would justify the taking of the deposition in Birmingham.
The decision of the majority, in effect, makes Alabama the only jurisdiction to allow, as a matter of course, a plaintiff to chose his own forum based upon the defendant's minimum contacts, litigate all of the issues in his home territory, and compel a non-resident defendant to travel at his own expense to the forum whenever the plaintiff feels the need for discovery. This is not only contrary to the general rules of discovery, but is also, as a matter of policy, fundamentally unfair to the defendant.
Based upon the foregoing principles, I would hold that Old Mountain Properties, LTD., presented a prima facie showing of "good cause" for the issuance of the protective order; that April Investments, Inc., did not come forward with a showing of "peculiar facts and circumstances" to show why the deposition should be taken in Birmingham, Alabama, instead of the defendant's principal place of business in Jacksonville, Florida; and that the trial judge thus erred in refusing to grant the requested protective order.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
Old Mountain Properties, Ltd. has filed an application for rehearing and strongly *1052 insists that this Court has adopted a rule regarding discovery depositions of non-resident defendants which is inconsistent with the federal rule, and in a supplemental brief strongly contends that this Court, on the same day that the original opinion was released in this case, also released an opinion in Ex parte Richard E. Armstrong, et al. and that "[t]he two opinions are in irreconcilable conflict."
Because of counsel's strong insistence that the original opinion states an inaccurate rule of law, and because this Court received two requests to file amicus briefs from lawyers who normally represent defendants in civil litigation, we have re-examined the opinion in light of this additional concern. After re-examining the original opinion, and after considering other cases in which we have been called upon to review, by mandamus, trial court judgments in discovery matters, we are convinced that the original opinion states a correct principle of law; but because of counsel's insistence to the contrary, we extend the opinion to answer some of counsel's charges.
We first address counsel's contention that Ex parte Armstrong 412 So.2d 772 (Ala. 1982), is in irreconcilable conflict with the original opinion in this case. In Ex parte Armstrong, the Court, speaking through Mr. Justice Almon, with Chief Justice Torbert and Faulkner, Embry and Adams, JJ., concurring, did hold:
"Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a defendant. Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979). There may be circumstances that would justify the taking of a deposition somewhere other than the corporation's principal place of business."
As is quite apparent, the rule stated in Ex parte Armstrong is a general rule which applies to depositions of a corporation through its officers or agents. The fact that Ex parte Armstrong involved the deposition of a corporate president and this case involves the deposition of a general partner in a limited partnership is not necessarily a controlling factor, but, as the opinion in Ex parte Armstrong states, "there may be circumstances that would justify the taking of a deposition somewhere other than the corporation's principal place of business." Obviously, the rule stated in Ex parte Armstrong does not vary the general rule which this Court has consistently applied, that protective orders are issued only "for good cause" shown by the person seeking the protection, and that the decision of the trial judge will not be overturned except for a clear abuse of his discretion. Campbell v. Regal Typewriter Co., Inc., 341 So.2d 120, 123, 124 (Ala.1976). The Chief Justice, as he stated in his original dissent in this case, recognizes this general rule, but would find a clear abuse of the trial judge's discretion in any case where a non-resident defendant is involved, because, as he said in his dissent on original deliverance, he feels "[i]t is fundamentally unfair to require a non-resident defendant, as here, to leave his place of business and travel at his own expense to the site of the deposition so that it can be taken more conveniently and less expensively to the plaintiff." The general rule which this Court applies on petition for mandamus in cases involving discovery is succinctly stated in Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228, 231, 232 (Ala.1978):
"It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Cole, [293 Ala. 731, 310 So.2d 210]. Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and Delong Corp. v. Lucas, 138 F.Supp. [805] 806 (S.D.N.Y.1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d *1053 120 (Ala.1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592." (Emphasis added.)
It is clear that in Ex parte Armstrong, applying the general rule, the Court refused to supervise, by mandamus, the exercise of the trial judge's discretion in that case, to require the president of Alabama Power Company to go to Mobile for the taking of a deposition in a personal injury action.
The "circumstances" of each case, therefore, are important in determining whether a trial judge has abused his discretion. As we have already pointed out, the case of Ex parte Armstrong dealt with depositions of a corporate president, and in this case, the person sought to be deposed was the general partner of Old Mountain Properties Ltd., and the person sought to be deposed personally dealt with the plaintiff, April Investments, in the State of Alabama, and frequently came to Alabama to participate in transactions made the basis of the very action in which the discovery is sought. Needless to say, we considered all of these "circumstances" and we refuse to supervise the trial judge in this case. In short, on original deliverance, we applied the rule set out in Assured Investors Life Insurance Co. to the effect that "[a]n appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery." We have opined that it is "unusual" to overturn a trial judge in discovery matters.
In brief, counsel for Old Mountain Properties argues:
"One practical point also needs emphasis. If the general partner of a little enterprise like Old Mountain Properties can be made to haul his records to Alabama, then the president of Ford Motor company can be made to do the same. It would be less burdensome for Ford to send from Detroit an executive with all of Ford's internal memoranda and engineering data on an alleged manufacturing defect than for a small entrepreneur to send its only employee from Jacksonville. Does this Court actually think Hon. Thomas E. Huey, Jr. would have threatened a default judgment against Ford by denying it a protective order under these circumstances, even where it has facilities in Alabama? If the opinion of April 9 stands, Ford can expect it."
Counsel expresses a fear that trial judges may not exercise fairness when ruling on requests for protective orders involving non-resident defendants. Counsel overlooks the fact that in Ex parte Armstrong, a Mobile Circuit Judge refused to require the president of Alabama Power Company, a resident of Alabama, to go to Mobile.
Since receiving Old Mountain Properties' request for rehearing, this Court has decided another case involving a discovery matter in which this Court has again upheld the action of the trial judge. In Ex parte McTier, 414 So.2d 460 (1982), this Court refused to issue mandamus to compel a trial judge to order a defendant to answer an interrogatory which the trial judge considered too broad and oppressive. It is clear, therefore, that this Court has consistently followed the rule set out in Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228, 231, 232 (Ala.1978).
If trial judges clearly abuse their discretion, mandamus is appropriate, and in an appropriate case, we would be duty bound to grant relief, but as this Court has pointed out, it will only be in the "unusual" case that we will do so. That is the rule stated in the original opinion in this case. That is the rule stated in Ex parte Armstrong. That is the rule stated in Ex parte McTier.
The application for rehearing is due to be overruled and the requests by those who are not parties to this litigation to file amicus briefs are also due to be denied.
*1054 OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED; REQUESTS TO FILE AMICUS BRIEFS DENIED.
FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., dissents.
ALMON, J., not sitting.