Old Mountain Properties, Ltd. has filed an application for rehearing and strongly *Page 1052 
insists that this Court has adopted a rule regarding discovery depositions of non-resident defendants which is inconsistent with the federal rule, and in a supplemental brief strongly contends that this Court, on the same day that the original opinion was released in this case, also released an opinion inEx parte Richard E. Armstrong, et al. and that "[t]he two opinions are in irreconcilable conflict."
Because of counsel's strong insistence that the original opinion states an inaccurate rule of law, and because this Court received two requests to file amicus briefs from lawyers who normally represent defendants in civil litigation, we have re-examined the opinion in light of this additional concern. After re-examining the original opinion, and after considering other cases in which we have been called upon to review, by mandamus, trial court judgments in discovery matters, we are convinced that the original opinion states a correct principle of law; but because of counsel's insistence to the contrary, we extend the opinion to answer some of counsel's charges.
We first address counsel's contention that Ex parte Armstrong412 So.2d 772 (Ala. 1982), is in irreconcilable conflict with the original opinion in this case. In Ex parte Armstrong, the Court, speaking through Mr. Justice Almon, with Chief Justice Torbert and Faulkner, Embry and Adams, JJ., concurring, did hold:
 "Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a defendant. Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979). There may be circumstances that would justify the taking of a deposition somewhere other than the corporation's principal place of business."
As is quite apparent, the rule stated in Ex parte Armstrong
is a general rule which applies to depositions of a corporation through its officers or agents. The fact that Ex parteArmstrong involved the deposition of a corporate president and this case involves the deposition of a general partner in a limited partnership is not necessarily a controlling factor, but, as the opinion in Ex parte Armstrong states, "there may be circumstances that would justify the taking of a deposition somewhere other than the corporation's principal place of business." Obviously, the rule stated in Ex parte Armstrong
does not vary the general rule which this Court has consistently applied, that protective orders are issued only "for good cause" shown by the person seeking the protection, and that the decision of the trial judge will not be overturned except for a clear abuse of his discretion. Campbell v. RegalTypewriter Co., Inc., 341 So.2d 120, 123, 124 (Ala. 1976). The Chief Justice, as he stated in his original dissent in this case, recognizes this general rule, but would find a clear abuse of the trial judge's discretion in any case where a non-resident defendant is involved, because, as he said in his dissent on original deliverance, he feels "[i]t is fundamentally unfair to require a non-resident defendant, as here, to leave his place of business and travel at his own expense to the site of the deposition so that it can be taken more conveniently and less expensively to the plaintiff." The general rule which this Court applies on petition for mandamus in cases involving discovery is succinctly stated in AssuredInvestors Life Insurance Co. v. National Union Associates,Inc., 362 So.2d 228, 231, 232 (Ala. 1978):
 "It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Cole, [293 Ala. 731, 310 So.2d 210]. Rule 26 (c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and Delong Corp. v. Lucas, 138 F. Supp. [805] 806 (S.D.N Y 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., *Page 1053 
 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592." (Emphasis added.)
It is clear that in Ex parte Armstrong, applying the general rule, the Court refused to supervise, by mandamus, the exercise of the trial judge's discretion in that case, to require the president of Alabama Power Company to go to Mobile for the taking of a deposition in a personal injury action.
The "circumstances" of each case, therefore, are important in determining whether a trial judge has abused his discretion. As we have already pointed out, the case of Ex parte Armstrong
dealt with depositions of a corporate president, and in this case, the person sought to be deposed was the general partner of Old Mountain Properties Ltd., and the person sought to be deposed personally dealt with the plaintiff, April Investments, in the State of Alabama, and frequently came to Alabama to participate in transactions made the basis of the very action in which the discovery is sought. Needless to say, we considered all of these "circumstances" and we refuse to supervise the trial judge in this case. In short, on original deliverance, we applied the rule set out in Assured InvestorsLife Insurance Co. to the effect that "[a]n appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery." We have opined that it is "unusual" to overturn a trial judge in discovery matters.
In brief, counsel for Old Mountain Properties argues:
 "One practical point also needs emphasis. If the general partner of a little enterprise like Old Mountain Properties can be made to haul his records to Alabama, then the president of Ford Motor Company can be made to do the same. It would be less burdensome for Ford to send from Detroit an executive with all of Ford's internal memoranda and engineering data on an alleged manufacturing defect than for a small entrepreneur to send its only employee from Jacksonville. Does this Court actually think Hon. Thomas E. Huey, Jr. would have threatened a default judgment against Ford by denying it a protective order under these circumstances, even where it has facilities in Alabama? If the opinion of April 9 stands, Ford can expect it."
Counsel expresses a fear that trial judges may not exercise fairness when ruling on requests for protective orders involving non-resident defendants. Counsel overlooks the fact that in Ex parte Armstrong, a Mobile Circuit Judge refused to require the president of Alabama Power Company, a resident of Alabama, to go to Mobile.
Since receiving Old Mountain Properties' request for rehearing, this Court has decided another case involving a discovery matter in which this Court has again upheld the action of the trial judge. In Ex parte McTier, 414 So.2d 460
(1982), this Court refused to issue mandamus to compel a trial judge to order a defendant to answer an interrogatory which the trial judge considered too broad and oppressive. It is clear, therefore, that this Court has consistently followed the rule set out in Assured Investors Life Insurance Co. v. NationalUnion Associates, Inc., 362 So.2d 228, 231, 232 (Ala. 1978).
If trial judges clearly abuse their discretion, mandamus is appropriate, and in an appropriate case, we would be duty bound to grant relief, but as this Court has pointed out, it will only be in the "unusual" case that we will do so. That is the rule stated in the original opinion in this case. That is the rule stated in Ex parte Armstrong. That is the rule stated inEx parte McTier.
The application for rehearing is due to be overruled and the requests by those who are not parties to this litigation to file amicus briefs are also due to be denied. *Page 1054 
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED; REQUESTS TO FILE AMICUS BRIEFS DENIED.
FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., dissents.
ALMON, J., not sitting.