553 So.2d 561 (1989)
Ex parte ALABAMA STATE UNIVERSITY and Joe L. Reed.
(Re James T. FOWLER, et al. v. ALABAMA STATE UNIVERSITY and Joe L. Reed).
88-1120.
Supreme Court of Alabama.
November 9, 1989.
Terry G. Davis, Solomon S. Seay, Jr. and James R. Seale of Haskell, Slaughter and Young, Montgomery, for petitioners.
Robert M. Alton, Jr. and Barry C. Leavell, Montgomery, for respondents.
KENNEDY, Justice.
Alabama State University ("A.S.U.") and Joe L. Reed petition for a writ of mandamus directing Judge Mark G. Montiel of the Circuit Court of Montgomery County to vacate his order of June 2, 1989, which required Reed to produce, for Judge Montiel's in camera inspection, his personal state and federal income tax returns and documents relating to any property that he may own adjacent to A.S.U. We grant the writ.
The issue before us is whether a defendant who is sued in his official capacity as a trustee of a state university may be compelled to produce personal records when they are not at issue in the suit.
Fowler and five other plaintiffs filed suit against A.S.U. and the members of its board of trustees, of which Reed is chairman, averring coercion; abuse of process; unlawful taking without due process of law; fraud; arbitrarily advancing the time of a condemnation; and arbitrarily deferring negotiations on a condemnation. The plaintiffs allege that A.S.U. attempted to purchase or condemn their land, which is adjacent to the campus, in order to build a basketball complex. According to their complaint, A.S.U. subsequently informed the plaintiffs that it was no longer interested in buying their properties, after substantial expenses had been incurred by plaintiffs to relocate employees; after tenants had moved from rental properties; after numerous valuable employees had been lost; after new properties had been bought in reliance on the offer of purchase or condemnation; after their property had been greatly reduced in value; and after business losses had been incurred.
*562 On April 27, 1989, the defendants requested, inter alia, that the plaintiffs produce their federal and state income tax records for the years 1985-1988. On May 24, 1989, the plaintiffs requested that Reed produce all documents relating to his ownership of real estate adjacent to A.S.U., as well as his tax returns for the years 1984-1988. On June 2, 1989, Reed filed for a protective order. Judge Montiel ordered that defendant Reed produce, for an in camera inspection, the documents that the plaintiffs requested.
It is well settled that discovery rules should be liberally construed in order to provide parties with information relevant to the issues in litigation. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975). This liberal policy of discovery must be weighed "against the emerging qualified privilege disfavoring disclosure of one's income tax records." Ex parte Morris, 530 So.2d 785, 789 (Ala. 1988). The petitioner in Morris was an expert witness and was not, as here, a party to the lawsuit. However, a reading of the majority opinion and the cases cited therein lends weight to the conclusion that the qualified privilege may extend, in appropriate cases, to parties to a suit. Morris, supra, citing Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc., 96 F.R.D. 147 (E.D.Va.1982); DeMasi v. Weiss, 669 F.2d 114 (3d Cir. 1982); Tele-Radio Systems Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371, 375 (D.N.J.1981); Mitsui & Co. v. Puerto Rico Water Resources Authority, 79 F.R.D. 72, 80 (D.P.R.1978); Payne v. Howard, 75 F.R.D. 465, 469 (D.D.C.1977); Federal Savings & Loan Insurance Corp. v. Krueger, 55 F.R.D. 512, 514 (N.D.Ill.1972).
In the instant case, Reed was sued in his official capacity as a member of the A.S.U. board of directors. Nothing is found in the allegations of the complaint or in the depositions of the plaintiffs that could be interpreted to make Reed's personal income or property records an issue. "`In most instances, it has been held that production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains....'" Morris, supra, quoting Shaver v. Yacht Outward Bound, 71 F.R.D. 561 (N.D.Ill.1976). Plaintiffs have failed to show a compelling need for Reed's property and tax records, and, therefore, those records are not discoverable at this time.
We conclude that it was an abuse of discretion for the trial court to compel Reed to produce his tax and property records for an in camera inspection. Accordingly, we grant the writ of mandamus and instruct Judge Montiel to vacate his June 2, 1989, order, and to enter an appropriate protective order consistent with this opinion.
WRIT GRANTED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs in part and dissents in part.
MADDOX, Justice (concurring in part, dissenting in part).
After a thorough review of the pleadings in this case, it appears to me that plaintiffs' claims against Mr. Reed are against him in his capacity as a trustee of Alabama State University and not against him in his individual capacity, and that the thrust of plaintiffs' claims is to recover for loss occurring as a proximate consequence of Alabama State's abuse or misuse of its power of condemnationsometimes referred to as inverse condemnation.
It is unnecessary at this point to decide whether such claims, in fact, are allowable against a public agency.[1]
Some jurisdictions do authorize, by statute, the recovery of precondemnation or *563 inverse condemnation damages similar to the ones plaintiffs claim here. See City of Los Angeles v. Tilem, 142 Cal.App.3d 694, 191 Cal.Rptr. 229 (1983).
At this point in the lawsuit, I fail to see the relevancy of Mr. Reed's income tax returns to the legal issues framed by the pleadings.
I recognize that the trial judge has merely ordered an in camera inspection of Mr. Reed's income tax returns, but I think even that is irrelevant at this stage of the proceeding; therefore, I concur in the issuance of the writ insofar as Mr. Reed's income tax returns are concerned. However, I dissent as to the documents relating to ownership of adjacent property; I believe that they are discoverable.
NOTES
[1] As a general rule, no damages are allowed for a threat of condemnation, Lone Star Indus., Inc. v. Secretary of Kansas Dept. of Transp., 234 Kan. 121, 671 P.2d 511 (1983), even though announcements of condemnation can put potential condemnees "between a rock and a hard place." See State ex rel. State Highway Comm'n of Missouri v. Armacost Motors, Inc., 552 S.W.2d 360 (Mo.Ct.App.1977).