PER CURIAM.
In Ex parte Alabama State University, 553 So.2d 561, 562 (Ala.1989), this Court concluded:
*302 “[I]t was an abuse of discretion for the trial court to compel Reed to produce his tax and property records for an in camera inspection. Accordingly, we grant the writ of mandamus and instruct Judge Montiel to vacate his June 2, 1989, order, and to enter an appropriate protective order consistent with this opinion.”
(Emphasis added.)
From the petition now before us, it appears that nothing new has been added to the action and that the issues have been narrowed. On or about June 28, 1990, the plaintiffs served subpoenas duces tecum seeking production of the personal records of Joe L. Reed and Leon Howard[1] relating to their ownership of property adjacent to the campus, that is, the same “property records” as were at issue in the prior petition. Reed and Howard filed motions to quash the subpoenas, but the trial judge denied those motions by an order reading, in pertinent part:
“Defendant’s [sic] Motion to Quash Plaintiffs’ Subpoena Duces Tecum to Leon Howard and Joe L. Reed is due to be and the same is hereby DENIED; Defendants are not required to produce individual income tax returns of Howard or Reed, pursuant to Ex parte Alabama State University and Joe L. Reed, 553 So.2d 561 (1989), but are ORDERED to produce within 30 days any and all items pertaining to real property acquired by Leon Howard or Joe L. Reed within a one mile radius of the Alabama State University campus that has also been acquired or considered for acquisition by Alabama State University.”
The respondents have not presented any reason why the prior opinion of this Court should not govern this petition. The petition for writ of mandamus is granted, and the respondent trial judge is ordered to vacate the above-quoted order and to grant the motions to quash the subpoenas duces tecum.
WRIT GRANTED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. Reed is a trustee and Howard is the president of Alabama State University. Both are named as defendants in their official capacities, but not in their individual capacities. As explained in our earlier opinion, the complaint does not raise any issue to which the personal records are pertinent, and Howard’s records are no more pertinent than are Reed's.