The plaintiff, Ralph Windom, as a citizen and taxpayer of the State of Alabama, sued Governor Guy Hunt, alleging that he used state funds and resources to maintain a ministry and that his doing so violated the Constitution of Alabama 1901, specifically Article I, § 3. He sought a judgment declaring that certain actions by Hunt were beyond his authority as Governor of Alabama and violated Article I, § 3. He also sought injunctive and equitable relief and an order requiring Governor Hunt to repay, return, or restore to the State of Alabama all taxpayers' monies and resources expended in violation of law.
The Governor moved to dismiss on the following grounds: that the circuit court had no subject matter jurisdiction, that the *Page 396 
complaint failed to state a claim upon which relief could be granted, and that the plaintiff lacked standing to assert the claims specified in the complaint.
The plaintiff noticed the Governor's deposition and sought the production of all state and federal income tax returns filed by the Governor since January 25, 1987. In his request for production, the plaintiff stated that he believes that the discovery is relevant or will lead to the discovery of relevant information. The Governor moved for a protective order, arguing that the plaintiff was not entitled to the discovery sought.
The trial court denied the Governor's motion to dismiss and held a hearing on the discovery issue. The trial judge ordered the Governor to produce his income tax returns from 1987 to the present, under seal, to counsel for the plaintiff. The court entered a protective order with respect to the discovery of the tax returns, which provides:
 "This protective order accompanies, and is a part of the aforesaid order for production so certified for interlocutory review.
 "(1) Defendant, Governor Hunt, is to produce tax returns from 1987 to present under seal to Plaintiff's counsel.
 "(2) Plaintiff's counsel is to protect the privacy of the tax returns and is prohibited from disseminating information contained therein to any third person with the exceptions being:
"(a) Plaintiff
"(b) Plaintiff's counsel and support staff.
 "(3) Upon conclusion of this litigation, tax returns shall be returned to the Defendant with no copies having been made, and dissemination of any information contained therein shall be subject to this protective order."
The Governor sought permission, under Rule 5, Ala.R.App.P., to appeal from these two interlocutory orders of the trial court, and, as an alternative, petitioned for a writ of mandamus ordering the trial judge to vacate both orders. This Court granted permission to appeal. This opinion addresses both the appeal and the mandamus petition.
We affirm the interlocutory order appealed from and deny the petition for the writ of mandamus.
The Governor argues that the trial court erred in refusing to dismiss this action, contending that the plaintiff has no standing to challenge his actions. He contends that only the Governor or the attorney general has authority to sue on the cause of action alleged in the complaint. This argument is without merit. A similar argument was made and rejected inZeigler v. Baker, 344 So.2d 761 (Ala. 1977), where this Court held that the action would lie and stated:
 "In a long line of decisions this Court has recognized the right of a taxpayer to challenge, either as unconstitutional or as not conforming to statute, the expenditure of public funds by county officers. Court of County Revenues v. Richardson, 252 Ala. 403, 41 So.2d 749 (1949); Poyner v. Whiddon, 234 Ala. 168, 174 So. 507 (1937); Thompson v. Chilton County, 236 Ala. 142, 181 So. 701
(1938); Travis v. First Nat. Bank of Evergreen, 210 Ala. 620, 98 So. 890 (1924); Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920). The right of a taxpayer to challenge the unlawful disbursement of state funds likewise is unquestioned. Goode v. Tyler, 237 Ala. 106, 186 So. 129 (1939) ('. . . this Court is committed to the doctrine that a taxpayer may maintain a suit in equity to restrain a state officer in the unlawful disbursement of state funds.'); Hall v. Blan, 227 Ala. 64, 148 So. 601 (1933); Turnipseed v. Blan, 226 Ala. 549, 148 So. 116 (1933). The latter two cases dealt with the constitutionality of disbursements, while Goode involved expenditures to be made under purported statutory authority. The Supreme Court of Illinois wrote to this principle in Fergus v. Russel, 270 Ill. 304, 110 N.E. 130
(1915):
 " 'We have repeatedly held that taxpayers may resort to a court of equity to prevent the misapplication of public funds, and that this right is based *Page 397 
upon the taxpayer's equitable ownership of such funds and their liability to replenish the public treasury for the deficiency which would be caused by the misappropriation.' "
344 So.2d at 763-64.
More recently, in Lee v. Bronner, 404 So.2d 627 (Ala. 1981), the Court again rejected the argument that only the Governor or the attorney general may bring an action to challenge the illegal expenditure of state funds, and in that case the Court quoted from Zeigler v. Baker, supra:
 " 'If a taxpayer does not launch an assault, it is not likely that there will be an attack from any other source, because the agency involved is usually in accord with the expenditure. There may be instances in which the affected public official might pursue the matter. The Attorney General would be an appropriate officer to bring such a suit, but in some instances this is not done and it is in such cases that it is only the taxpayer's attack which preserves the public treasure.' "
404 So.2d at 629 (Zeigler was quoting from Department ofAdministration v. Horne, 269 So.2d 659 (Fla. 1972)).
It is not surprising that other states have recognized taxpayer suits to redress alleged wrongdoing by government officials, but inasmuch as the right is firmly established in Alabama law, we need not look elsewhere for authority to affirm the trial court's refusal to dismiss this action.
We now turn to the discovery issue, where the standard of review is whether the trial judge abused his discretion. This Court has on many occasions held that the trial courts have very broad discretion regarding discovery matters under Rule 26, A.R.Civ.P. Ex parte Allstate Ins. Co., 401 So.2d 749, 751
(Ala. 1981). In Campbell v. Regal Typewriter Co., 341 So.2d 120
(Ala. 1976) (holding modified by Sharp Electronics Corp. v.Shaw, 524 So.2d 586 (Ala. 1987), we said:
 "The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all the circumstances, the trial court has abused this discretion. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1957). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant. First National Bank in Greenwich v. National Airlines, Inc., 22 F.R.D. 46 (D.C.N.Y. 1958)."
341 So.2d at 123-24.
Under Rule 26, A.R.Civ.P., parties may obtain discovery regarding any nonprivileged matter that is relevant or that may lead to any matter that is or may be relevant. And we have said that the discovery rules should be liberally construed.Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210
(1975). We said in Ex parte Alabama State University,553 So.2d 561 (Ala. 1989):
 "It is well settled that discovery rules should be liberally construed in order to provide parties with information relevant to the issues in litigation. This liberal policy of discovery must be weighed 'against the emerging qualified privilege disfavoring disclosure of one's income tax records.' Ex parte Morris, 530 So.2d 785, 789
(Ala. 1988)."
553 So.2d at 562. (Citation omitted.)
This Court has held that tax returns may, in some contexts, be clothed with a qualified privilege. In Ex Parte AlabamaState University, supra, we held that where the defendant was sued solely in his official capacity as a trustee of a state university, and where the tax returns were not relevant to the issues raised, the defendant's tax returns were clothed with a qualified privilege. Similarly, in Ex parte Morris,530 So.2d 785 (Ala. 1988), the Court held that it was not an abuse of discretion to refuse to require an expert witness to produce his tax returns where he was not a party to the proceeding and the issue involved was not controlling.
In the case before us, the Governor's income is relevant to the matters alleged in *Page 398 
the complaint, and the plaintiff asserts that he believes that an examination of those returns will lead to matters to which he is entitled by way of discovery under Rule 26, A.R.Civ.P. The Governor does not contend that the tax returns are not relevant, nor does he claim an absolute privilege. He does argue that the returns should be clothed with a qualified privilege in the context here presented.
The trial court issued a protective order that protects the confidentiality of the tax returns and severely limits the scope of discovery permitted under Rule 26. In doing so, the trial court acted in accord with the general view that tax returns are not absolutely privileged but are protected against disclosure except in appropriate circumstances. Constantine v.Constantine, 274 Ala. 374, 149 So.2d 262 (1963); Beller v.Credit Alliance Corp., 106 F.R.D. 557 (N.D.Ga. 1985).
The trial court exercised its discretion in a balanced way in permitting some discovery by the plaintiff of the Governor's returns, but, at the same time, severely limiting access to them. In so doing, it protected the Governor's confidentiality in the returns, but also permitted the plaintiff limited discovery as provided by Rule 26, A.R.Civ.P. We find no abuse of discretion by the trial court in its treatment of this discovery matter.
1910197 — AFFIRMED.
1910198 — DENIED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., recused.