On Application for Rehearing

JOHNSTONE, Justice.
Vesta raises for the first time in its application for rehearing the argument that it is a third-party beneficiary of the retail installment contract between Love-joy and Allen Motor Company. “We can not sanction the practice of bringing up new questions for the first time, in an ex parte application for rehearing.” Robinson v. Allison, 97 Ala. 596, 604, 12 So. 604 (1893) (on application for rehearing). “We cannot sanction the practice of bringing up new questions for the first time in application for rehearing.” Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967) (on application for rehearing). “We cannot sanction the practice of bringing up new questions for the first time in applica *939 tions for rehearing.” Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 735, 310 So.2d 210, 212 (1975) (on application for rehearing). “New supporting arguments presented for the first time on rehearing generally will not be considered.” Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985) (on application for rehearing). “[T]his argument was raised for the first time on application for rehearing, and therefore will not be considered.” Schulte v. Smith, 708 So.2d 138, 141 n. 2 (Ala.1997) (on application for rehearing).
APPLICATION OVERRULED.
MOORE, C.J., and LYONS, HARWOOD, and WOODALL, JJ., concur.
HOUSTON, SEE, BROWN, and STUART, JJ., dissent.