Gary A. BELLER

v.

CREDIT ALLIANCE CORPORATION, et al.

Civ. No. C84–553.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 11, 1985.

Timothy J. Sweeney, Perry A. Phillips, McCauley, Owen & Sweeney, Atlanta, Ga., for plaintiff.

E. Clayton Scofield, III, David Cranshaw, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on Defendants' motion to compel and on Plaintiff's motion to permit late filing of a motion to compel.

This action arose out of a series of transactions among the parties, through which Defendant Credit Alliance and Leasing Service provided financing for a restaurant opened by Plaintiff Beller in early 1981. The relationship between borrower and lender has soured, and Beller now brings this action alleging RICO violations, fraud and breach of contract on the part of Defendants. Beller also seeks to recover certain auction proceeds now held in escrow. Leasing Service has filed a counterclaim against Beller for recovery on a lease of certain restaurant equipment.

*Defendants' Motion to Compel*

Defendants maintain that Plaintiff has failed to provide full, complete and proper responses to their interrogatories and requests for production of documents, and should be compelled to do so by the court. The court agrees with respect to certain of Defendants' discovery requests, and therefore will grant Defendants' motion as to First Interrogatories Nos. 3, 8, 11, 12 and 19, and First Document Requests Nos. 8 and 14. Defendants' motion to compel will be denied as to First Document Request No. 3 and Second Interrogatory No. 7.

As to First Document Request No. 3, the court finds that Plaintiff need not provide the statements or reports themselves. However, Plaintiff must provide the information about such reports which Defendants seek in First Interrogatory No. 3. As to Second Interrogatory No. 7, the court

finds that Plaintiff has provided an adequate response. Furthermore, the interrogatory apparently seeks information about a hypothetical claim which Plaintiff has not asserted in this case.

■ As to First Document Request No. 14, the court finds that Plaintiff's tax returns for the years sought are relevant to this action and must be disclosed. Plaintiff has put his own financial condition at issue in this case by claiming that Defendants caused financial hardship for him and for the restaurant by insisting on certain modifications of the financing terms. These changes included an additional $200,000 encumbrance on his Windy Hill property. Plaintiff's financial condition during that time is therefore relevant to Plaintiff's claims.

■ As to tax returns, this court has stated that "most courts do not recognize the existence of privilege against disclosure, but rather recognize a general federal policy limiting disclosure to appropriate circumstances." *Eglin Federal Credit Union v. Cantor, Fitzgerald Securities Corp.*, 91 F.R.D. 414, 416 (N.D.Ga.1981). The court finds this to be an appropriate circumstance. Defendants have not requested Plaintiff's current returns, but seek only his returns for the relevant years 1980, 1981, and 1982. Defendants are entitled to discovery of these returns.

■ In granting Defendants' motion to compel, the court recognizes that Plaintiff may have supplied additional information in response to some of these requests since Defendants' motion to compel was filed. Where such is the case, Plaintiff is expected to fully supplement any responses he has already made. Both parties are hereby cautioned that discovery motions are not to be used as a tactical device whereby the parties attempt to give up as little information as possible until compelled to do so. Discovery under the Federal Rules is intended to be open and complete, absent a legitimate claim of burdensomeness or privilege.

*Plaintiff's Motion to Permit Late Filing of Motion to Compel*

After several extensions by the court, the time for discovery in this matter expired on December 31, 1984. No motion to compel was filed by Plaintiff on or before that date. On January 31, 1985, Plaintiff filed a motion seeking leave of the court to file a motion to compel. Defendants oppose the late filing on the grounds that Plaintiff's motion to compel, as well as much of the discovery sought, is untimely.

The local rules of this court provide that no motions to compel discovery may be filed after the close of discovery, "unless otherwise ordered by the Court." LR 225–4(d), NDGa. It is therefore clearly within the powers of this court to allow Plaintiff's motion to be filed and considered.

Plaintiff has given several reasons for not filing his motion to compel before discovery closed. First, Plaintiff maintains that he believed in good faith that the requested material would be provided. Second, Plaintiff contends that he was in a "catch–22" situation with regard to discovery requests that he filed on December 14, 1984. Since the Federal Rules of Civil Procedure allow thirty days to respond to interrogatories and document requests,[1] Plaintiff asserts that a motion to compel on December 31 would arguably have been premature as to the December 14 discovery, even though the local rules required that such a motion be filed by that day.

Defendants argue that no "catch–22" existed, because Plaintiff's December 14 discovery requests were simply untimely. Defendants maintain that Plaintiff should have filed all discovery requests by December 1, which would have allowed Defendants a full thirty days to respond within the discovery period. In support, Defendants cite Local Rule 225–1(a), which states:

> All discovery proceedings shall be initiated promptly so that discovery may be initiated *and completed* within four

---

1. F.R.Civ.P. 33, 34.

months after the last answer is filed.... Answers and responses to initiated discovery are required to be served within this four-months period.

LR 225–1(a), NDGa. (emphasis added). The final sentence of subpart (a) was also set out in the Court's pretrial instructions to the parties. Defendants therefore contend that they should not be compelled to respond to these untimely discovery requests.

In response, Plaintiff argues that the above-cited rule and the court's pretrial instructions acted to restrict Defendants' response time, rather than to limit the time in which he could file discovery requests. Plaintiff emphasizes the final sentence of Rule 225–1(a), which requires that all answers be served within the discovery period. Plaintiff therefore maintains that Defendant should have responded to all discovery by December 31, including Plaintiff's December 14 requests.

The court does not agree. The local rules of this court supplement the Federal Rules of Civil Procedure, and are to be construed so as to be consistent with the Federal Rules. LR 100–3, NDGa. The local discovery provisions at issue here must therefore be interpreted so as to preserve the Federal Rules' thirty day response time, and Plaintiff's argument to the contrary must be rejected.[2]

Furthermore, the local rules themselves do not suggest an intent to limit response time. Instead, the language of the rules emphasizes the duty of the party *seeking* discovery to insure that discovery is completed in a timely manner: "All discovery proceedings *shall be initiated promptly* so that discovery may be initiated and completed within four months...." LR 225–1(a), NDGa. (emphasis added). The final sentence of subpart (a) merely clarifies that discovery must be initiated in time for the other party to respond within the four month discovery period.

The court therefore finds that the intent of the rules is for all discovery requests to be served by the end of the third month of discovery,[3] thereby allowing the opposing party its full thirty days to respond. If new matters arise during the final thirty days of discovery, it is the responsibility of the party needing additional discovery to petition the court for an extension of time. Of course, no extension of the discovery period would be necessary if the responding party voluntarily agreed to respond after the close of discovery.

Defendants made no such concession in this case. Since no extension of discovery beyond December 31, 1984 was sought or granted, Plaintiff's December 14 discovery requests were untimely. A motion to compel with respect to these requests is therefore improper.

As to Plaintiff's earlier discovery requests, Plaintiff states only that he "believed defendants would comply with their previous promise to supplement their responses and therefore there did not appear to be a dispute to be resolved." Plaintiff Motion to Permit Late Filing, ¶ 8. The court finds this insufficient to justify a late motion to compel. The court notes that the entire discovery period in this case took place under the former local rules, which strictly provided that "no motion to discovery [sic] or to compel discovery shall be entertained or considered by the Court after expiration of such period." Former Rule 181.3. The above rule was in effect through December 31, 1984, the day discovery ended in this case. Plaintiff therefore had ample notice that any motion to compel had to be filed by that date. Although the new rules now permit this court to consider a late motion to compel, Plaintiff has failed to show that such consideration is warranted.

Plaintiff's motion to permit late filing of a motion to compel is therefore DENIED.

---

**2.** If taken to the extreme, Plaintiff's argument would permit a party to file interrogatories one day before the end of discovery and force the other side to respond within twenty-four hours.

**3.** In situations where the court has already extended discovery, discovery requests would be due no less than thirty days before the extension is due to expire.

The court notes, however, that Defendants have acknowledged their previous agreements to conduct a further search of their files, to confirm whether further relevant documents exist, and to provide supplemental responses. Defendants' Brief in Opposition, pp. 3–4. Defendants have agreed to honor these undertakings, and will be expected to do so.

*Summary*

Defendants' motion to compel is GRANTED IN PART and DENIED IN PART. Plaintiff will be allowed thirty (30) additional days in which to comply with this order. Plaintiff's motion to permit late filing of a motion to compel is DENIED.