**Kathy A. GAVENDA, Plaintiff,**

v.

**ORLEANS COUNTY et al. Defendants.**

**No. 95–251E.**

United States District Court,
W.D. New York.

Feb. 14, 1997.

Emmelyn Logan–Baldwin, Rochester, NY, for Plaintiff.

David C. Schubel, Medina, NY, for Defendants.

## Memorandum & Order

SCOTT, United States Magistrate Judge.

This matter has been referred to this court pursuant to 28 U.S.C. § 636(b)(1)(A) by Order dated February 20, 1996. Before the court are numerous motions for protective orders, motions to compel discovery, and a motions seeking to shorten the time to respond to discovery requests.

### Background

This matter has been before the Court on several occasions. A more detailed recitation of the background may be found in this Court's April 12, 1996 Memorandum & Order. In brief, plaintiff, who is employed by the Orleans County Sheriff's Department, claims that she has been discriminated against by defendants because she is female. She alleges that defendants violated her rights under Title VII of the Civil Rights Act of 1964, the New York Human Rights Law, the New York Civil Rights Law and the common law of slander. The plaintiff also claims that the defendants have violated the terms of a Stipulation & Order which resolved a previous similar action brought by the plaintiff ("Gavenda I").[1]

By Order dated February 10, 1997, Hon. John T. Elfvin dismissed this action in its entirety as against certain union defendants. Judge Elfvin also dismissed plaintiff's claims to the extent that she alleged that the defendants violated the Gavenda I Stipulation & Order by failing to place her on the day shift, by denying her backup or by failing to formulate non-discrimination policies and provide training on such policies. Also dismissed in their entirety were plaintiff's Sixth Cause of Action claiming certain violations of the New York State Civil Rights Law, and

plaintiff's Seventh Cause of Action alleging defamation of character. Judge Elfvin also dismissed the plaintiff's Title VII claim as against defendants Dingman, Litchfield, Green and Metz; and plaintiff's Civil Rights Act, § 1983 claim as against defendants Dingman and Litchfield.[2]

Significantly, by Order dated June 20, 1996, Judge Elfvin also denied plaintiff's motion to extend the May 10, 1996 discovery deadline in this case.

The following motions remain pending:

I. *Motions Relating to Shorten Time to Respond to Discovery Requests*

1. Plaintiff's April 22, 1996 Motion to Shorten Time to Respond to Request for Documents (# 139)[3]

2. Plaintiff's May 8, 1996 Motion to Shorten Time to Respond to Request for Documents (# 149)

3. Orleans County defendants'[4] Cross–Motion for a protective Order dated May 21, 1996(# 168).

II. *Motions to Compel and Cross–Motions for Protective Orders*

1. Plaintiff's April 26, 1996 Motion to Compel (# 145);

2. Plaintiff's May 10, 1996 Motion to Compel (# 154);

3. Defendant Dingman's Motion for a Protective Order dated June 12, 1996 (# 176);

4. Orleans County defendants' June 12, 1996 Cross-motion for a Protective Order relating to the April 26, 1996 Motion to Compel (# 179);

5. Orleans County defendants' June 12, 1996 Cross-motion for a Protective Order relating to the May 10, 1996 Motion to Compel (# 182);

---

1. Civil Action No. 88–0408E (W.D.N.Y.).

2. Not relevant for the purposes of this motion, Judge Elfvin also dismissed several of the defendants' affirmative defenses.

3. Numbers in parentheses refer to the docket number of the motion.

4. "Orleans County defendants" include: Orleans County, Orleans County Sheriff's Department, David M. Green, and Richard Metz.

III. *Motions Relating to the Discovery of Personnel Files*

1. Plaintiff's Motion to Compel Disclosure of Personnel Files (# 138).

## I. *The Motions to Shorten Time to Produce Documents*

■ Rule 34 of the Federal Rules of Civil Procedure provides that a party shall respond to a request for the production of documents within 30 days after service of the request. By motions dated April 22, 1996 and May 8, 1996, plaintiff sought to shorten the time to respond to document requests which plaintiff served less than 30 days before the close of discovery.

More specifically, the discovery cut-off in this case was May 10, 1996. On May 8, 1996, plaintiff served a Notice to Produce Documents. The Orleans County defendants filed a Cross–Motion for a Protective Order asserting that by serving a document request in the last days of the discovery period, plaintiff was impermissibly extending discovery beyond May 10, 1996. Defendants' also argued that plaintiff's motion is moot inasmuch as May 10, 1996 has passed and that, in any event, plaintiff's document requests are broad and unnecessary.

Upon review, the documents requested in the May 8, 1996 demand appear to have minimal, if any, relevance to the instant action. For example, Request No. 1 seeks documents relating to "[t]he public procedure on obtaining access to public records and/or any written forms that need to be filled out for the public to access Orleans County records." Requests 2 and 3 seek similar documents relating to the accessibility of public documents. Requests 4 through 6 seek documents relating to the handling of harassment cases against three individuals who are not parties to this action. Requests 7 through 9 seek documents from Local 2966, Council 82 and/or AFSME relating to the grievance procedures and the types of records a Local is to keep regarding labor/management meetings.

Some of these requests are directed toward defendants who have been dismissed from this action. Some of these requests appear to have no relevance to the instant action. Others, while they may be minimally relevant, are overly broad requests. The plaintiff makes no attempt to establish the particular need for these documents or why such broad requests could not have been made prior to the most recent depositions.

■ Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed. *Fitzgibbon v. Sanyo Securities America,* 1994 WL 281928 (S.D.N.Y. 1994); *Lastre v. Leonard,* 1990 WL 37658 (N.D.Ill.1990); *Beller v. Credit Alliance Corporation,* 106 F.R.D. 557 (N.D.Ga.1985).

The discovery process in this case languished until almost the very end of the discovery period. Allowing document demands to be served at the very end of the discovery period would impermissibly extend the discovery period as defined by Judge Elfvin. The depositions, from which plaintiff contends the document demands arose, could have been taken months earlier but for the availability of plaintiff's counsel. The circumstances do not justify the service of a document request, such as the May 8, 1996 document request, two days before the discovery cutoff date.

Thus, plaintiff's Motions to Shorten the Time to Respond to Requests for Documents (# 139 and 149) are denied, and defendants' Cross–Motion for a Protective Order (# 168) is granted.

## II. *Plaintiff's April 26, 1996 Motion to Compel and Related Cross–Motions*

Plaintiff alleges that defendants have refused to produce documents responsive to Requests 2, 5, 6, 7, 8, 10, 12, 13, 14, 15, 17, 44, 45, 52, 53, 55, and 61–64 of plaintiff January 23, 1996 Notice to Produce.

*Demands 2 and 6—Work Schedules*

■ Plaintiff seeks production of work schedules and rosters from 1990 to the date of trial. In support of this request, plaintiff asserts that one of her claims of continuing discrimination against women is that defen-

dants gave less work to female corrections officer Zina Baker. She also asserts that the work schedules are relevant to her claim that the defendants have not provided back up for her as required in the Consent Order which resolved plaintiff's 1988 litigation.

The defendants' respond that these documents have already been produced to plaintiff pursuant to the Court's April 11, 1996 Order.

The plaintiff has not demonstrated how these documents are related to her discrimination claims. The Court notes that this is not a class action lawsuit, and that Zina Baker is not a party to this action. Moreover, plaintiff's claims that the defendants failed to provide her with proper backup have been dismissed. No further response is necessary to these requests.

*Demands 5, 12 and 15—Incident Reports*

Plaintiff seeks various incident reports identified during the deposition of defendant Dingman. Defendants assert that these documents have already been produced to plaintiff pursuant to the Court's April 11, 1996 Order.

It appears that by these requests, plaintiff may also be seeking incident reports generated at the Orleans County Corrections Division. Defendants continue to object to any such request as being irrelevant to plaintiff's claims as well as overly broad and burdensome. Defendants also note that the Court's April 11, 1996 order which directed that the incident reports be produced was based, in part, upon plaintiff's in-court assertion that she would pay for the cost of reproduction. However, after the documents were produced, plaintiff appealed the April 11, 1996 order on the grounds that it directed that plaintiff was responsible for the cost of reproduction.

The court agrees that plaintiff has not shown why the incident reports generated at the correctional facility are related to her claims in any way. This is particularly so in light of the fact that much of the plaintiff's claim regarding the alleged violation of the terms of the Stipulation & Order entered in Gavenda I has been dismissed. Thus, fur-

ther response to these requests is unnecessary.

*Demands 7 and 45—Job Information*

Plaintiff seeks information relating to job openings in the Department and bulletins identified at the depositions of Dingman and Green. Defendants allege that they have already produced the responsive documents to these requests.

Once again, in addition to the Sheriff's Department information which has been produced, it appears that plaintiff is seeking this information with respect to the Corrections Division. The plaintiff asserts that this information is relevant to her claims that Zina Baker and others have been discriminated against in violation of the Gavenda I Stipulation & Order. The plaintiff does not allege that she applied for any position with the Corrections Division. As is reflected in Judge Elfvin's recent Order, the plaintiff's interpretation of the Stipulation & Order is much too expansive. As noted above, this is not a class action lawsuit. The plaintiff has failed to show any relationship between the information sought in these requests and *her* claims of discrimination or retaliation. Thus, no further response to these requests is necessary.

*Demands 8, 10, and 14—Policies relating to Jail Procedures*

Plaintiff seeks documents relating to policies and procedures used in the Orleans County Jail. Plaintiff is a member of the Orleans County Sheriff's Department, Criminal Division. The requests, such as Request 14 which seeks documents relating to law enforcement officers talking to inmates, do not appear to be relevant to plaintiff's claims of employment discrimination based upon her gender. Thus, no further responses to these requests are necessary.

*Demands 13 and 44—Information relating to Numerical References*

It appears that each officer in the Orleans County Sheriff's Department is assigned a number. Some of the documents produced in this case may refer to an officer by number, rather than by name. In Request 13, plaintiff seeks a "key" which lists each of the officer numbers and names. Defendants as-

sert that no such "key" exists, but that the number assigned to each officer is set forth on documents already produced to the plaintiff.

In Request 44, plaintiff seeks a listing of various positions in the Sheriff's department and the associated numbers assigned to those positions. Defendants assert that this information has already been produced to plaintiff.

Thus, no further responses to these requests are necessary.

*Demands 17, 61, 62 and 63—Overtime Records*

■ In Requests 17 and 62, plaintiff seeks overtime records and time sheets. In Request 63, plaintiff seeks information concerning how her shifts were covered while she was on sick leave. Defendants assert that these records have already been produced to plaintiff.

In Request 61, plaintiff seeks information about pay received by individuals for attending depositions in this matter. This information is not relevant to the plaintiff's claims in this lawsuit.

Thus, no further responses to these requests are necessary.

*Demands 52 and 53—Documents relating to Communication between Green & Fuller*

In Request 52, plaintiff seeks a copy of a letter sent by a Mr. Watts to defendant Green. Defendants assert that this letter has already been produced to plaintiff.

In Request 53, plaintiff seeks documents which may substantiate Green's deposition testimony to the effect that Jeffery Fuller is known within the Sheriff's Department to be involved with drugs and alcohol, including any arrest or conviction records relating to Fuller. This request relates to the circumstances under which the plaintiff was "counseled" by defendant Green regarding her investigation of a motor vehicle accident involving Fuller. It appears that the plaintiff was advised that she should have known that Fuller was "involved" with drugs and alcohol, and that the plaintiff should have pursued a different course of conduct based upon such knowledge. The plaintiff claims that this

criticism was unfounded and that this was an incident of retaliation against her for pursuing her rights.

■ Defendants objects to the disclosure of arrest and conviction records relating to Fuller on the grounds that they are irrelevant to this matter and confidential. Fuller is not a party to this action.

When questioned regarding this event, defendant Green testified that he was unaware of Fuller's arrest or convictions record, and that his information regarding Fuller was based upon various investigations "and things that our drug task force has done ...." (See January 5, 1996 Deposition of David M. Green, attached as Exhibit H to the Affirmation of Emmelyn Logan Baldwin dated April 26, 1996.) Thus, whether Fuller was actually arrested and/or convicted of drug or alcohol related crimes is not relevant. Moreover, arrest and/or conviction records are confidential. Plaintiff's request is disallowed to the extent it seeks production of Fuller's arrest and/or conviction records.

This request is relevant to the issue of whether or not the plaintiff should have known about Fuller's alleged involvement with drugs and alcohol. To a large extent, Green's testimony regarding Fuller, may be supported or attacked by testimony from other members of the Department and from any non-confidential records. However, the plaintiff is entitled to discovery as to the basis of the assertion that she should have known about Fuller. In this regard, the defendants are directed to produce any documents or other materials which reflect that information regarding Fuller was communicated to the plaintiff. If the alleged communication was oral, the defendants shall provide the plaintiff with a description of the dates, times and circumstances under which any such communication took place.

*Demand 55—Records Relating to Inmate Jones*

■ Plaintiff seeks the entire "record" of Orleans County Jail inmate Kenny or Steven Jones based upon defendant Green's testimony that plaintiff advised Jones to sue Orleans County. Defendants assert that inmate rec-

ords are confidential and that, in any event, it is unlikely that the inmate record would contain any information relevant to whether or not plaintiff advised the inmate as described by Green.

Plaintiff has not established the relevance of inmate Jones' entire record or a particularized need for the entire record. However, to the extent inmate Jones' inmate record reflects conversations with plaintiff, the record may be relevant. Thus, defendants are directed to review inmate Jones' record and produce any and all documents which refer to communications between plaintiff and inmate Jones.

*Demand 64—Green's Notes of meeting with Stilwell*

■ Plaintiff seeks production of defendant Green's notes of a January 8, 1996 meeting with Lt. Donald Stilwell. Plaintiff wants these notes because she believes that Stilwell has been retaliated against because of his association with her. Defendants assert, and the plaintiff does not dispute, that Stilwell was disciplined (along with other members of the Sheriff's Department) for a particular act of misconduct which did not involve the plaintiff in any way. Plaintiff's blanket assertion that she is "entitled to all information" about Stilwell is not persuasive. Thus, defendants are directed to review defendant Green's notes regarding the January 8, 1996 meeting and produce any and all portions of those notes which refer to the plaintiff.

*Defendants' Request for Costs*

The defendants have moved for costs to be assessed against the plaintiff in connection with this motion. This request is denied at this time. Counsel for all parties are encouraged to cooperate with each other with respect to the limited discovery remaining in this matter. Conduct which necessitates any further motion practice in this matter is likely to result in the imposition of sanctions.

## III. *Plaintiff's May 10, 1996 Motion to Compel and Related Cross–Motions*

Plaintiff alleges that defendants have refused to produce documents sought in March 21, 1996 and April 4, 1996 Notices to Produce.

*March 21, 1996 Notice to Produce*

*Demand 9—Documents Relating to Mounted Division*

■ Plaintiff seeks production of the names of the officers assigned to the Orleans County sheriff's Department Mounted Division, along with their rate of pay, selection process and work assignments. Plaintiff alleges that this information is related to her claim that females in the Sheriff's Department are not given the same job opportunities as males. Defendants claim that this information is not relevant to plaintiff's claims inasmuch as she has never even applied for a job in the Mounted Division. Moreover, defendants assert that even if the selection process and composition of the Mounted Division are found to be relevant, information relating to the rates of pay and work assignment are not relevant.

As discussed above, this is not a class action lawsuit. Inasmuch as the plaintiff has failed to demonstrate a connection between the requested documents and the alleged discrimination as to *her*, this request is disallowed.

*Demand 10—Documents Relating to Deputy Phillips*

■ Plaintiff seeks documents relating to charges against Deputy Phillips and the resolution of the arbitration of those charges. Plaintiff alleges that this information is relevant because Phillips had been allegedly warned by Green not to associate with plaintiff. Plaintiff claims that testimony regarding this "warning" was part of the proof in the arbitration. Defendants assert that Green's testimony was that Phillips was charged with and ultimately dismissed on allegations of police brutality. (See Green Deposition Testimony attached as Exhibit 3 to Brian Bergevin's Affidavit in Opposition to Motion to Compel dated June 12, 1996.) Defendants' also assert that this information is confidential pursuant to New York States Civil Rights Law § 50–a.

Once again, the fact that the plaintiff alleges that Phillips was retaliated against because of his association with her does not

mean that she is entitled to unbridled discovery with respect to Phillips. Except for unsubstantiated conclusions, plaintiff has not established that the disciplinary proceedings against Phillips had anything to do with plaintiff other than the fact that plaintiff testified at the arbitration hearing. Plaintiff has not established what testimony she gave at the disciplinary hearing and how it relates to plaintiff's claims in this action. The relationship between a police brutality charge against a male deputy and the plaintiff's claims of gender discrimination are not evident. Because plaintiff has failed to establish a sufficient nexus to the claims in this case, this request is disallowed.

*Demand 17—Documents reviewed by Metz to Prepare for Deposition*

The plaintiff seeks the documents reviewed by defendant Metz in preparation for his deposition. The defendants claim that plaintiff has not cited authority for the proposition that documents reviewed in preparation for a deposition are discoverable, and asserts (equally without citation to authority) that these documents are subject to the attorney-client privilege. It is the burden of the party seeking to assert the attorney-client privilege to establish that the privilege applies. In a letter dated June 26, 1996, the defendants' counsel identified the documents reviewed by defendant Metz and withdrew the objection to their production. Defendants' counsel represented that these documents have already been produced to the plaintiff. No further judicial intervention is required with respect to this request.

*Demand 18—Documents Relating to Metz Pension*

 Plaintiff seeks documents relating to a waiver of any New York State pension rules as they relate to defendant Metz. Plaintiff attempts to establish some relationship between these documents and plaintiff's claims, stating:

All the circumstances of defendant Metz' employment are relevant in this case—especially the information requested which may show bias and/or wrongdoing.

Affirmation of Emmelyn Logan Baldwin dated May 10, 1996 at ¶ 8.

This is not persuasive. The plaintiff has not demonstrated that defendant Metz' pension status, proper or otherwise, is relevant to the plaintiff's claims. This request is disallowed.

*Demand 24—Applications for Undersheriff Position*

 Plaintiff seeks production of all of the applications submitted for the Undersheriff's position. Plaintiff claims that this information is relevant because a person she hired as an investigator had applied for the Investigator's position which defendant Metz now holds. Defendants object on the grounds that this information is not related to plaintiff's claims of gender discrimination. The Court agrees. Thus, this request is disallowed.

*Demand 26—Personnel Files*

 In her motion papers, plaintiff alleges that in Request 26 she seeks production of inmate complaints filed by certain inmates of the Orleans County Jail. Request 26 of the March 21, 1996 Notice to Produce, however, seeks production of personnel files of various corrections officers including Deputy Golisano. Included in Golisano's personnel file, plaintiff requests the complaints of various inmates. In conclusory fashion, plaintiff asserts that this information is relevant to her claim that she is treated more harshly than others. Defendants objected to this request on the grounds that it is duplicative of plaintiff's previous request for personnel files which is the subject of another motion pending before this Court. Defendants also argue that to the extent that plaintiff's motion papers reflect an abandonment of the personnel files, but a continued request for the inmate complaints, the request must still be rejected as irrelevant.

To the extent Request 26 seeks personnel files, it is duplicative of plaintiff's April 22, 1996 motion currently pending before this Court. To the extent that plaintiff seeks inmate complaints against Golisano, plaintiff has failed to establish any nexus between the inmates claims against Golisano and her gender discrimination claims. No further response to this request is necessary.

*Demand 27—Documents Relating to State Investigation*

■ Plaintiff seeks production of documents relating to the investigation by the New York State Commission of Corrections relating to the indictment of Corrections Officer Walsh. Once again, plaintiff has failed to establish any relationship between this information and the gender discrimination claims set forth in her complaint. Thus, this request is disallowed.

*April 4, 1996 Notice to Produce*

*Demands 4 and 5—the Union's File Relating to Plaintiff's Grievance*

Plaintiff seeks production of the Union's file relating to her grievance that she was not paid for attending depositions and for writings relating to her petition to decertify Council 82 as the bargaining agent for the Orleans County Sheriff's Department Criminal Division.

Pursuant to Judge Elfvin's February 10, 1997 Order, the Union is no longer a party to this action. Moreover, this Court has previously denied the plaintiff's request to be paid for attending depositions in this matter. This request is denied.

*Request for Costs*

As with the previous motion, the defendants have moved for costs to be assessed against the plaintiff in connection with this motion. This request is also denied at this time. Once again, counsel for all parties are encouraged to cooperate with each other with respect to the limited discovery remaining in this matter. Conduct which necessitates any further motion practice in this matter is likely to result in the imposition of sanctions.

## IV. Plaintiff's Motion to Compel Production of Personnel Files

The plaintiff filed a motion to compel the production of the personnel files of various employees of the Orleans County Sheriff's Department, most of whom are non-parties to this action. (Docket Item No. 138) These files were the subject of a previous motion to compel filed by the plaintiff on December 18, 1995. That motion was denied without prejudice in this Court's April 11, 1996 Order wherein the Court stated:

In the instant case, at oral argument the Court was informed that plaintiff has now asked for the personnel files of approximately 28 employees of the Orleans County Sheriff's Office. The Court understands this to be a significant portion of the Sheriff's Office personnel. Plaintiff has not articulated a specific need for these files. Although § 50–a does not bar disclosure of such personnel records, the spirit and purpose of the statute are to be given some weight. Production of such documents containing intimately personal information about individuals, most of whom are not parties to this lawsuit, is warranted only when the party seeking the information articulates a specific need for the information. Plaintiff has not done so in this case.

Therefore, the instant motion is denied without prejudice to the extent plaintiff seeks the personnel files. The Court is mindful of the fast approaching discovery cut-off date in this case. However, the Court is equally mindful that the difficulties now faced by the parties to complete discovery within the allowed period are largely a result of their inability to cooperate with each other. To facilitate the matter, any further motion by plaintiff seeking production of the personnel files, in the event plaintiff decides to make such a motion, shall be governed by the following schedule: Plaintiff may file a motion seeking production of the personnel files on or before April 19, 1996.[5] *Any such motion by plaintiff shall be supported by a list of the individual's whose personnel files are requested and a detailed description of the individual's relationship to this case, if any. Plaintiff shall also set forth a particularized statement of the specific information sought from each individual's personnel file and why that information is relevant to plaintiff's claims in this action.*

The instant motion filed by the plaintiff seeks the production of the personnel files of

---

**5.** The Court notes that the instant motion is untimely in that it was not filed until April 22, 1996. This, in and of itself, provides a basis to deny the relief requested.

25 Sheriff's Department employees. Of those 25, only four are parties to this action. The Court directs that the personnel files of the four individuals who are named defendants in this action (David M. Green; Charles Dingman; Wayne Litchfield; and Richard Metz) be produced to the plaintiff subject to the following confidentiality requirements:

1. The documents and the information contained therein will not be disclosed to any person other than the plaintiff, plaintiff's counsel, and any expert retained by the plaintiff provided that the following procedure is followed:

a). Such expert signs a sworn statement agreeing to be bound to these confidentiality terms; and

b). The signed statement is filed with the Clerk of the Court and served upon all parties and, if the information to be disclosed includes the personnel files of any non-parties, upon the individuals whose personnel files are involved; and

c). The parties, or the individual if a non-party, is afforded 10 days from the date of service of the signed statement to file an objection to the disclosure of the information to the expert. If any such objection is filed with the Court, the information is not to be disclosed to the expert until the objection is resolved.

2. The plaintiff, plaintiff's counsel and any expert who is given access to the documents pursuant to the above, shall not discuss the information contained in the documents with any current or former employees of the Orleans County Sheriff's Department or others.

3. The documents and the information contained therein will be used solely for the purposes of this litigation and will not be utilized in any other legal proceedings.

4. The documents will be stamped "confidential" by the defendants prior to being produced to the plaintiff. No additional copies of these documents will be made by the plaintiff.

5. Upon conclusion of this matter, including any appeals, the documents shall be returned to the defendants.

Disclosure of the personnel files of the non-party individuals is a more difficult question. Rather than providing the Court with a particularized statement of the specific information sought from each individual's personnel file and why the sought after information is relevant to the case, the plaintiff's instant motion merely sets forth a boilerplate statement for each of the individuals as follows:

The information sought from the personnel file of ... are performance evaluations, pay records, discipline records, work histories, training and experience records, transfer, promotion and/or demotion records, and review materials. As noted above, Sgt. Sidari is entitled to files of coworkers to establish his disparate treatment claims.

Although the plaintiff supplements this boilerplate with some individualized statement regarding each individual's relationship to the case, it is this Court's view that the plaintiff has not fully complied with the Court's direction in its April 11, 1996 Order which required the plaintiff to set forth a particularized statement of the specific information sought from each individual's personnel file, and why that information is relevant to plaintiff's claims in this action. Further, as discussed below, the plaintiff has not demonstrated a specific need for the personnel files of many of the non-party employees.

**Christopher Bourke:** The plaintiff alleges that Bourke is one of four Orleans County employees who filed grievances challenging her promotion to a lieutenant's position as a result of Gavenda I. The fact that Bourke filed a grievance does not entitle the plaintiff to unbridled discovery of Bourke's personnel file. The plaintiff does not allege that adverse action was taken against her as a result of the grievance. At best, the plaintiff suggests only that she should have been given the day shift position created as a result of the grievances. In his February 10, 1997 Order, Judge Elfvin dismissed plaintiff's claim as it related to her not being given the day shift position. The plaintiff also claims that she has been criticized for certain conduct, while Bourke has not been criticized for

similar conduct (i.e. being "out of zone" and improper use of sick leave credits). Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Bourke's personnel file, if any, which reflect that he has been criticized for being "out of zone" or for the improper use of leave credits. Plaintiff's remaining requests are denied.

**William Larkin:** The plaintiff alleges that Larkin is one of four Orleans County employees who filed grievances challenging her promotion to a lieutenant's position as a result of Gavenda I. The fact that Larkin filed a grievance does not entitled the plaintiff to unbridled discovery of Larkin's personnel file. The plaintiff does not allege that adverse action was taken against her as a result of the grievance. At best, the plaintiff suggests only that she should have been given the day shift position created as a result of the grievances. In his February 10, 1997 Order, Judge Elfvin dismissed plaintiff's claim as it related to her not being given the day shift position. The plaintiff also claims that she has been criticized for certain conduct, while Larkin has not been criticized for similar conduct (i.e. not wearing a hat while on duty). Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Larkin's personnel file, if any, which reflect that he has been criticized for not wearing a hat. Plaintiff's remaining requests are denied

**Rick Harmer:** The plaintiff alleges that Harmer is one of four Orleans County employees who filed grievances challenging her promotion to a lieutenant's position as a result of Gavenda I. The fact that Harmer filed a grievance does not entitle the plaintiff to unbridled discovery of Harmer's personnel file. The plaintiff does not allege that adverse action was taken against her as a result of the grievance. At best, the plaintiff suggests only that she should have been given the day shift position created as a result of the grievances. In his February 10, 1997 Order, Judge Elfvin dismissed plaintiff's claim as it related to her not being given the day shift position. The plaintiff has failed to establish a sufficient nexus between her claims and information reasonably calculated to be in Harmer's personnel files. No disclosure is required.

**Larry Manning:** The plaintiff asserts that Manning is one of four Orleans County employees who filed grievances challenging her promotion to a lieutenant's position as a result of Gavenda I. As a result of his grievance, Manning was given a lieutenant's position on the day shift. The plaintiff further asserts that it was improper to give Manning the day shift position. Although Judge Elfvin dismissed plaintiff's claim that her not being given the day shift position was a violation of the Gavenda I Stipulation & Order, this information may still be relevant to the plaintiff's remaining Title VII claim. Thus, subject to the confidentiality terms discussed above, the defendants are directed to produce Manning's personnel file to the plaintiff.

**Henry Meyer:** The plaintiff alleges that defendant Green testified that Meyer is a person about whom a complaint had been made for not answering a dispatch. The plaintiff also asserts that the afternoon lieutenant's position posted after Gavenda I was Meyer's, not a newly created position. The Gavenda I Stipulation & Order required the plaintiff to be given a day or afternoon shift lieutenant's position, and that is what she was given. The Stipulation & Order does not address which budget line the position was to occupy. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Meyer's personnel file, if any, which reflect that he has been criticized for not answering a dispatch. Plaintiff's remaining requests are denied

**John Bowen:** The plaintiff alleges that Bowen's employment was terminated because of sexual harassment claims. Without providing any nexus, the plaintiff asserts that Bowen's personnel file is relevant to the maintenance of a hostile work environment and the defendants failure to adopt non-discrimination policies in a timely manner pursuant to the

Gavenda I Stipulation & Order. Judge Elfvin has dismissed the plaintiff's claims regarding the timeliness of the non-discrimination policies adopted pursuant to Gavenda I. The plaintiff has not articulated any relationship between Bowen and her claims that she has been discriminated against. No disclosure is required.

**Philip McKenna:** The plaintiff claims that although she has been criticized for smoking in non-smoking areas, McKenna has not been criticized for similar conduct. The plaintiff also asserts that McKenna was not written up for leaving work early. Finally, the plaintiff bases this document request on the fact that McKenna was paid to testify at a PERB hearing and that she and others were paid to testify at hearings in Gavenda I. This Court has addressed the plaintiff's request to be paid for attending depositions in this matter in its April 12, 1996 Order. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of McKenna's personnel file, if any, which reflect that he has been criticized for smoking in non-smoking areas or for leaving work early. Plaintiff's remaining requests are denied.

**Wilma Flint:** The plaintiff asserts that although she has been criticized for smoking in non-smoking areas, Flint has not been criticized for similar conduct. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Flint's personnel file, if any, which reflect that she has been criticized for smoking in non-smoking. Plaintiff's remaining requests are denied.

**Dave Reis:** The plaintiff alleges that Reis suggested changing the contract language "on seniority in classification determining shift assignment." There is a suggestion that this change was suggested to somehow affect the Gavenda I Stipulation & Order. In any event, the plaintiff claims that Reis' personnel file is needed to "verify his titles and retirement date." The plaintiff has failed to demonstrate a particular need for this information. Indeed, the plaintiff does not even hint as to what Reis'

retirement status has to do with her claims. No disclosure is required.

**Deputy Culver:** The plaintiff asserts that Culver was given the dark room opening that plaintiff sought. The plaintiff asserts that she was more qualified for this position. Thus, subject to the confidentiality terms discussed above, the defendants are directed to produce Culver's personnel file to the plaintiff.

**Deputy Kozielski:** The plaintiff asserts that Kozielski was given the dark room opening that plaintiff sought. The plaintiff asserts that she was more qualified for this position. Thus, subject to the confidentiality terms discussed above, the defendants are directed to produce Kozielski's personnel file to the plaintiff.

**Deputy Dreenan:** The plaintiff claims that Dreenan was one of the employees who told defendant Green that plaintiff had advised inmates and employees to sue the Sheriff's Department. The plaintiff has failed to articulate a reasonable basis to conclude that there would be information in this individual's personnel file relating to plaintiff's claims. No disclosure is required.

**Deputy McKain:** The plaintiff claims that McKain was one of the employees who told defendant Green that plaintiff had advised inmates and employees to sue the Sheriff's Department. The plaintiff has failed to articulate a reasonable basis to conclude that there would be information in this individual's personnel file relating to plaintiff's claims. No disclosure is required.

**Deputy Halstead:** The plaintiff claims that Halstead was one of the employees who told defendant Green that plaintiff had advised inmates and employees to sue the Sheriff's Department. The plaintiff has failed to articulate a reasonable basis to conclude that there would be information in this individual's personnel file relating to plaintiff's claims. No disclosure is required.

**Deputy Black:** The plaintiff claims that Black was one of the employees who told defendant Green that plaintiff had advised inmates and employees to sue the Sheriff's

Department. The plaintiff has failed to articulate a reasonable basis to conclude that there would be information in this individual's personnel file relating to plaintiff's claims. No disclosure is required.

**Deputy McClellen:** The plaintiff claims that McClellen was one of the employees who told defendant Green that plaintiff had advised inmates and employees to sue the Sheriff's Department. The plaintiff also asserts that similar to her, McClellen has been reprimanded for turning cases over to State Police. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of McClellen's personnel file, if any, which reflect that he has been criticized for turning cases over to the State Police. Plaintiff's remaining requests are denied.

**Zina Baker:** The plaintiff alleges that Baker has been discriminated against because of her relationship with a black man. The plaintiff also asserts that Baker was told not to associate with the plaintiff. Neither of these assertions is adequate grounds to warrant the disclosure of Baker's entire personnel file. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Baker's personnel file, if any, which reflect she was told not to associate with the plaintiff. Plaintiff's remaining requests are denied.

**Mike Christopher:** The plaintiff claims that Christopher was given a full time position instead of Baker. This is not a class action lawsuit. The plaintiff has failed to articulate a relationship between the information sought and the claims in this action. No disclosure is required.

**Deputy Golisano:** The plaintiff asserts that she has "information" that there have been complaints about Golisano's work but that he has not been criticized for such complaints, and that she has been criticized for complaints. This allegation is not sufficiently particular to demonstrate a need for the requested information. No disclosure is required.

**Dennis Steffen:** The plaintiff alleges that Steffen improperly used annual leave cred-

its and that she has been criticized for this conduct. Subject to the confidentiality terms discussed above, the defendants are directed to produce to the plaintiff those portions of Steffen's personnel file, if any, which reflect he improperly used leave credits. Plaintiff's remaining requests are denied.

**Donald Stilwell:** The plaintiff alleges that Stilwell was removed from his job because he associated with the plaintiff. Subject to the confidentiality terms discussed above, the defendants are directed to produce Stilwell's personnel file to the plaintiff, with the exception of any pay records.

 The plaintiff has also asserted a somewhat redundant request for the personnel files of all Orleans Count Sheriff's employees, including corrections officers. (See Affirmation of Emmelyn Logan Baldwin dated April 22, 1996 at page 12, subparagraph 20). In support of this request, the plaintiff generally asserts that there are multiple issues in this case about whether the plaintiff has been treated the same as similarly situation employees. Even assuming this to be true, this request seeks the personnel files of *all* employees, not just those similarly situated. The bald assertion of a disparate treatment claim does not by itself entitle a plaintiff to disclosure of confidential personnel information regarding all employees, similarly situated or not. The plaintiff has failed to demonstrate a particular need for this information. Moreover, such a request is contrary to this Court's April 11, 1996 Order. This request is denied.

In sum, the plaintiff motion to compel is GRANTED IN PART AND DENIED IN PART.

### Defendants' Motion for Costs

Pursuant to this Court's April 11, 1996 Order, the defendants have filed a motion for administrative and labor costs associated with the production of certain documents requested by the plaintiff. (Docket Item No. 183) This motion was inadvertently filed without being calandered. The plaintiff shall submit a response to the motion, if any, on or before **February 28, 1997.** This motion will

then be considered submitted without oral argument.

### Conclusion

Based on the above, it is ORDERED that:

1. Plaintiff's April 22, 1996 Motion to Shorten Time to Respond to Request for Documents (# 139), Plaintiff's May 8, 1996 Motion to Shorten Time to Respond to Request for Documents (# 149) **ARE DENIED**, and Orleans County defendants' Cross–Motion for a protective Order dated May 21, 1996(# 168) is **GRANTED**.

2. Plaintiff's April 26, 1996 Motion to Compel (# 145) is **DENIED IN PART, GRANTED IN PART;** Orleans County defendants' June 12, 1996 Cross-motion for a Protective Order relating to the April 26, 1996 Motion to Compel (# 179) is **DENIED IN PART, GRANTED IN PART.**

3. Plaintiff's May 10, 1996 Motion to Compel (# 154) is **DENIED;** Orleans County defendants' June 12, 1996 Cross-motion for a Protective Order relating to the May 10, 1996 Motion to Compel (# 182) is **GRANTED**.

4. Defendant Dingman's Motion for a Protective Order dated June 12, 1996 (# 176) is **DENIED IN PART, GRANTED IN PART.**

5. Plaintiff's Motion to Compel Disclosure of Personnel Files (# 138) is **DENIED IN PART, GRANTED IN PART.**

SO ORDERED.